CORNELIA SEYMOUR, Appellant, *v.* WALTER H. WARREN et al., Respondents.

CONTRACT — WHEN AGREEMENT MADE BY LETTER IS SUFFICIENT COMPLIANCE WITH STATUTE OF FRAUDS. Where a letter was addressed by a firm of real estate brokers, or agents, to the owner of premises described therein, dated March 26, 1897, and signed by them in their firm name, in which they agreed to take entire charge of the premises, keeping them in good order and paying all expenses until May 1, 1900, and pay the owner the sum of seventy-five dollars per month from May 1, 1897, and further agree that if at the expiration of the agreement the rent of the property should have advanced, and if the agreement should be renewed, they would increase the monthly payment to the owner in proportion to the advance in rent, the implication is that the consideration for the promises made by the brokers is the consent or permission of the owner that they should have the right to receive and collect the rents from the property, and the assent of the owner thereto is to be fairly implied from what is stated in the writing; and where it appears in an action brought by the owner against such brokers to recover damages for the breach of the contract, that the defendants had entered into the performance of the agreement stated in the letter, took charge of the property and collected the rents until it suited their purpose to repudiate the agreement, it is reversible error to dismiss the complaint upon the ground that the writing is not a sufficient compliance with the Statute of Frauds.

*Seymour* v. *Warren,* 86 App. Div. 403, reversed.

(Argued May 18, 1904; decided June 3, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

1

August 1, 1903, affirming a judgment in favor of defendant
entered upon a dismissal of the complaint by the court at a
Trial Term and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edmund L. Mooney* and *Frederick A. Card* for appellant.
The memorandum was sufficient under the Statute of Frauds.
(*Mentz* v. *Newwitter*, 122 N. Y. 491; *Smith* v. *Clews*, 114
N. Y. 190; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Young* v.
*Dake*, 5 N. Y. 463; *Union Bank* v. *Coster*, 3 N. Y. 203;
*Church* v. *Brown*, 21 N. Y. 315; Browne on Stat. of Frauds,
§ 405; *Miller* v. *Cook*, 23 N. Y. 495; *Bradt* v. *Krank*, 164
N. Y. 515; *Union Bank* v. *Leary*, 77 App. Div. 332; *Bar-
ney* v. *Forbes*, 118 N. Y. 580.)

*James J. Allen* for respondents.    The memorandum was
insufficient to establish the contract set up in the complaint.
(*Mentz* v. *Newwitter*, 122 N. Y. 491; *Cameron* v. *Tompkins*,
72 Hun, 216; Browne on Stat. of Frauds [5th ed.], § 371;
Reade on Stat. of Frauds, § 398; *Lees* v. *Whitcomb*, 5 Bing.
34; *Wright* v. *Weeks*, 25 N. Y. 153; *Dickinson* v. *Brown*,
12 Wkly. Dig. 563; *Drake* v. *Seaman*, 97 N. Y. 230.)

O'BRIEN, J.    This action was, in form, one for the breach
of a contract made between the plaintiff and the defendants,
and the relief sought was the recovery of damages for the
breach.    The business of the defendants was real estate agents
and brokers, and at the time of the making of the note or
memorandum hereafter referred to the plaintiff was the owner
of the premises therein described, but it seems had never been
in the actual possession of the same.

On the 26th day of March, 1897, the defendants signed
and addressed a letter to the plaintiff, which contained in the
body thereof the following stipulation: " Dear Madame: We
agree to take entire charge of the premises No. 100 West
109th Street, corner of Columbus Ave., keeping it in good

order and paying all expenses until May 1st, 1900. We further agree to pay you the sum of seventy-five dollars ($75) per month, beginning May 1st, 1897. If at the expiration of this agreement the rent of said property shall have advanced, and if said agreement shall be renewed, we will increase the monthly payment to you in proportion to the advance in rent." It will be seen that the stipulation covered a period of time beyond one year from the time of the making thereof and, therefore, the contract, if any was made, was not to be performed within one year. The defendants interposed the Statute of Frauds as a defense to the action, and succeeded at the trial. The complaint was dismissed and the judgment for the defendants was affirmed in the court below.

The question presented is whether there was a sufficient note or memorandum in writing signed by the parties to be charged to satisfy the requirements of the Statute of Frauds. There was a writing signed by the defendants in their firm name and addressed to the plaintiff by name, so that the parties are sufficiently described and identified. It is also quite clear that the defendants agreed to do certain things mentioned in the letter. They were to pay "all expenses until May 1, 1900;" that is to say, for more than three years after the date of the letter. They were to pay seventy-five dollars per month to the plaintiff, "beginning May 1, 1897;" that is to say, for three years. But it is said that the note or memorandum does not contain or express the whole agreement of the parties, in that it is silent with respect to the plaintiff's undertaking and fails to state the consideration moving from her to the defendants. In other words, the objection is that while the defendants' promises are full and explicit enough, the plaintiff's obligation is not stated or expressed at all.

No particular form of words is necessary to be used for expressing the consideration. It is enough if, from the whole instrument, the consideration appears in express terms or by fair or necessary inference. As a general rule the statute is satisfied when the memorandum shows with reasonable clear-

ness that the defendants' promise is designed to procure something to be done, forborne, or permitted by the party to whom it is made, either to or for the promisor or a third party. (*Union Bank* v. *Coster's Executors*, 3 N. Y. 203 ; *Miller* v. *Cook*, 23 N. Y. 495 ; Browne on Statute of Frauds, § 405 ; *Union Natl. Bank* v. *Leary*, 77 App. Div. 332 ; *Church* v. *Brown*, 21 N. Y. 315.) Where the language of the instrument is such as to warrant the inference that the consideration rests upon mutual promises, the writing satisfies all the requirements of the statute. In the light of these rules an analysis of the language employed in the writing will, I think, disclose by reasonable inference a sufficient consideration on the part of the plaintiff for the defendants' promise. A written agreement is deemed to contain and embrace not only the things expressed therein, but the things that are to be implied from reasonable inferences. What, then, is the true meaning and construction of the letter addressed by a firm of real estate brokers or agents to the owner of the premises described therein ? The last sentence throws much light on all that precedes it: " If at the expiration of this agreement the rent of said property shall have advanced, and if said agreement shall be renewed, we will increase the monthly payment to you in proportion to the advance in the rent." Since the defendants stipulated that they would pay the plaintiff seventy-five dollars per month and more in case the rental of the property advanced, the implication is plain that the consideration for the promise is the consent or permission of the plaintiff that the defendants should have the right to receive and collect the rents of the property. The rent of the premises was the basis of the defendants' stipulation. They agreed " to take entire charge of the premises, keeping it in good order and paying all expenses " for three years. When real estate agents or brokers stipulate with the owner to take entire charge of city property for three years, keeping the property in good order and paying all expenses, the inference is permissible that the owner promised or consented that the agents could collect and receive the rents. When they promised to pay

the owner seventy-five dollars per month and more in proportion to the advanced rent, the same inference arises. They were not to pay this money to the plaintiff as a gratuity, but the whole stipulation rests upon their right to receive the income of the property. No one, I think, can read the paper in question without drawing the reasonable inference that the defendants were given the right in some form to rent the property and receive the income. If the plaintiff in reply to this letter had expressed her acceptance of the offer in a single word, the binding character of the contract would be beyond dispute, but is not her assent to be fairly implied from what is stated in the writing? How could the defendants increase the sum to be paid to the plaintiff in case the rents advanced unless they were to receive the rents, and the inference from the writing as a whole is plain that the plaintiff consented that the defendants were to receive them. What do the terms "to take entire charge" and "paying all expenses" mean when applied to the transaction and the situation of the parties? Obviously they import a promise on the part of the defendants to act as the plaintiff's agent for three years in the care and management of the property. The plaintiff was a woman who desired the services of some one in and about the matters described in the letter. The reasonable inference is that she put the property into the defendants' hands, giving them "entire charge" upon their promise to pay all expenses and pay her a designated sum per month out of the income. The terms "all expenses" must under all the circumstances be deemed to include the annual taxes and such other expenses or payments as an agent in full charge of property of such a character for a term of years would reasonably be required to pay out of the income in the process of good management.

The terms of a written instrument are to be construed and understood in the light of all the surrounding circumstances. (*Waldron* v. *Willard*, 17 N. Y. 468.) When the situation of the parties is understood in this case and the subject-matter of the transaction is considered, it is not difficult to draw the inference from the paper to the effect that the owner con-

sented that the defendants should collect the rents of the property and apply them in the manner stipulated on their part. There is no better way of ascertaining the meaning and construction of a written contract than to look at the acts and conduct of the parties under it. ( *Woolsey* v. *Funke*, 121 N. Y. 87; *Insurance Co.* v. *Dutcher*, 95 U. S. 269; *Nicoll* v. *Sands*, 131 N. Y. 19.) The pleadings and proceedings at the trial in this case disclose the facts that the defendants entered upon the performance of the agreement stated in the letter, took charge of the property, collected the rents and otherwise managed the property. But when it suited their own purposes they repudiated the agreement, failed to pay the taxes out of the rents, in consequence of which default the plaintiff was obliged to pay them herself, and the defendants have refused to account or pay to the plaintiff the sums stipulated or the rents collected even after the contract was repudiated. We do not think that the defendants are in any position to defeat the action on the ground that the writing is not a sufficient compliance with the Statute of Frauds. If these views are correct it is quite unnecessary to discuss the other questions in the case that arise upon the second cause of action stated in the complaint, based upon an oral agreement by defendants to pay the taxes and account for the rents collected. The terms of the memorandum that are expressed and those that are to be implied therefrom are sufficient to satisfy the requirements of the statute, and so the complaint was improperly dismissed.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, MARTIN, CULLEN and WERNER, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.