McKINNEY v. GENERAL ACCIDENT FIRE & LIFE ASSUR. CO., Limited.

(Circuit Court of Appeals, Eighth Circuit.    March 7, 1914.)

No. 3979.

*(Syllabus by the Court.)*

1. INSURANCE (§ 646*)—ACCIDENT INSURANCE—RIGHT OF RECOVERY—BURDEN OF PROOF.

Under a policy. whereby the insurance company contracts that if death shall result to the insured from bodily injuries caused by an accident alone within 90 days from the date of the injuries it will pay on account thereof $5,000 in addition to specified weekly indemnity, and that if such injuries shall "immediately, wholly and continuously disable and prevent the insured from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability and within two hundred weeks from the date of the accident, result" in the death of the insured, the company will pay $5,000, it is indispensable to a recovery for a death occurring more than 90 days after the date of the bodily injuries caused by the accident that they should have immediately, wholly, and continuously disabled and prevented the insured from performing any of the duties of his occupation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.*

Accident insurance—risk and causes of loss, see notes to National Acc. Society of City of New York v. Dolph, 38 C. C. A. 3; New Amsterdam Casualty Co. v. Shields, 85 C. C. A. 126.]

2. INSURANCE (§ 146*)—ACTION ON POLICY—CONSTRUCTION.

Where the terms of a contract are unambiguous and their meaning is plain, they must be held to mean what they clearly express, and no room is left for construction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. § 146.*]

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by Susie C. McKinney against the General Accident Fire & Life Assurance Company, Limited. Judgment for defendant, and plaintiff brings error. Affirmed.

C. M. Williams, of Hutchinson, Kan., for plaintiff in error.

J. C. Rosenberger and Kersey Coates Reed, both of Kansas City, Mo., for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and POPE, District Judge.

SANBORN, Circuit Judge. This case presents a single question. Is pleading and proof that the accidental bodily injuries, which caused the death of the insured, immediately, wholly, and continuously disabled him from performing the duties pertaining to his occupation, indispensable to a recovery by the beneficiary on account of such a death which occurred more than 90 days after the infliction of the injuries under a policy of accident insurance whereby the maker agrees to pay for death caused by accidental bodily injuries on these conditions:

"If any one of the disabilities enumerated below" (the first of which was death) "shall result from such injuries alone, within ninety days from the

date of the accident, the corporation will pay the sum specified opposite such disability, under section 'B'" (which sum was $5,000), "and in addition to weekly indemnity as provided in part 2, from the date of the accident to the date of death, dismemberment or loss of sight; or, if such injuries shall, independently and exclusively of all other causes, immediately, wholly and continuously disable and prevent · the insured from performing any and every kind of duty pertaining to his occupation, and, during the period of such continuous disability and within two hundred weeks from the date of the accident, shall result in any one of the disabilities enumerated below" (the first of which was death), "the corporation will pay the sum specified opposite such disability under section 'B'" (which sum was $5,000), "and in addition, weekly indemnity as provided in part 2 to the date of. the death, dismemberment or loss of sight."

The court below answered this question in the affirmative and sustained a demurrer to a complaint for a recovery for the death of an insured which disclosed the facts that his accidental injuries occurred on September 25, 1909, that they did not disable him from performing the duties of his occupation until March 15, 1910, and that he did not die until May 21, 1911.

[1] Counsel specifies this ruling as error, argues that the condition that "if such injuries shall immediately, wholly and continuously disable" the insured found in the second part of the paragraph quoted does not limit the right of recovery for his death after the 90 days, but applies to the weekly indemnity only, because, as he contends, there is strong reason for conditioning the right to recover the weekly indemnity by immediate and continuous disability and none for thus limiting the beneficiary's right to recover for the death of the insured, and he cites in support of his argument Rorick v. Railway Officials' & Employés' Ass'n, 119 Fed. 63, 55 C. C. A. 369; Ætna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523, 526; and Continental Casualty Co. v. Colvin, 77 Kan. 561, 95 Pac. 565. The opinions in these cases have been read and considered, but they are neither authoritative nor persuasive upon the question in this case, because none of the contracts in either of the cases cited contain the clear and conclusive agreement which has been recited. There is a sound reason for limiting the accidental deaths occurring more than 90 days after the accidents for which an insurance company agrees to become liable to those caused by accidents which are followed by immediate, complete and continuous disability. The proportion of deaths that are caused by accidents independently of all other causes is small. All die, but most deaths are caused by disease or by causes other than accidents. It is not difficult to prove by the mistaken opinions of witnesses that a death which occurs more than 90 days after an accident which was not followed by immediate and continuous disability was caused by that accident independently of all other causes, even when the truth is that it was caused by disease alone, or by disease and the accident. It was undoubtedly to guard itself against recoveries for such deaths and to restrict its liability, as it had the moral and legal right to do, to the liability for deaths occurring more than 90 days after the accidents to those in which the immediate, complete, and continuous disability of the victims after the accidents presented physical evidence that the accidents were the cause thereof, that the company, while it contracted without condi-

tion to pay $5,000 for the accidental death of the insured occurring within 90 days after the accident, limited its liability to pay for his accidental death occurring more than 90 days after the accident and within 200 weeks thereof by the express condition that the injuries caused by the accident should immediately, wholly, and continuously, until his death, disable him from performing any duty pertaining to his occupation.

[2] A consideration of the reason for this provision of the policy and of the general rules for the construction of contracts, however, while persuasive, is not controlling in the case in hand, for the terms of the policy are free from ambiguity or uncertainty, and this case falls under the familiar rule that, where the terms of a contract are unambiguous and plain, they must be held to mean what they clearly express, and no room is left for construction. Imperial Fire Ins. Co. v. Coös County, 151 U. S. 452, 463, 14 Sup. Ct. 379, 38 L. Ed. 231; Liverpool & London & Globe Ins. Co. v. Kearney, 94 Fed. 314, 319, 36 C. C. A. 265; Delaware Ins. Co. v. Greer, 120 Fed. 916, 921, 57 C. C. A. 188, 61 L. R. A. 137.

Stripped of some of its verbiage, the plain and certain contract of this insurance company by its policy was to pay to the plaintiff, the beneficiary named therein, $5,000 on account of the death of the insured occurring within 90 days after the accident which alone caused it, and to pay her $5,000 on account of his death occurring more than 90 days and within 200 weeks after the accident which alone caused it, if the bodily injuries inflicted by that accident immediately, wholly, and continuously disabled and prevented him from performing any and every duty pertaining to his occupation. The plaintiff admits by her complaint that the death of the insured did not occur within 90 days after the accident which caused it and that the bodily injuries caused by that accident did not immediately, wholly, or continuously thereafter disable or prevent him from performing for several months duties pertaining to his occupation. The death of the insured was not, therefore, one of those on account of which the insurance company agreed to make a payment to the beneficiary, and the judgment below must be affirmed.

It is so ordered.