AMEES HABEEB et al., Respondents, v. SHAFIK G. MAMARY, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1918.)

Statute of Frauds — when not enforcible — negotiable instruments — guaranty.

A writing by which it was sought to hold defendant as guarantor of the payment of a promissory note, made by his brother, payable to the order of plaintiff, considered, and *held* to be a collateral undertaking within the Statute of Frauds and not enforcible.

APPEAL from a judgment in favor of plaintiff rendered after trial before the Municipal Court of the city of New York, borough of Manhattan, first district, without a jury. The opinion states the facts.

Ferris, Dannenberg & Ansbacher (Jacob Ansbacher, of counsel), for appellant.

Goldstein & Goldstein (Jonah J. Goldstein, of counsel), for respondents.

DELEHANTY, J. The plaintiffs brought this action to charge defendant with liability as a guarantor of payment of a certain promissory note made and delivered by one Wadi G. Mamary to the plaintiffs herein. The complaint alleges that on the 15th day of June, 1916, a brother of defendant delivered to

Appellate Term, First Department, May, 1918.   [Vol. 103.

plaintiffs his promissory note in writing, payable April 15, 1917. That on March 12, 1917, defendant for a valuable consideration agreed to pay the said note in " picot edge " at the then current market price. The answer denies any knowledge or information as to the note; admits that defendant signed a certain paper and for a defense pleads want of consideration, and the Statute of Frauds. It appeared upon the trial that defendant's brother Wadi had been in the employ of plaintiffs as a lace salesman in Porto Rico during 1914 and 1915; that he had collected certain moneys for which he had failed to account to his employers; that after certain negotiations he gave to plaintiffs a series of notes to cover the defalcations then known. Later on plaintiffs discovered that there was a further sum of $500 collected by the said Wadi for which he had failed to account. It was then that defendant executed the following writing upon which he is sought to be held in this litigation:

" New York, *March* 12, 1917.

" The amount of 14 notes made to the order of M. Habeeb & Sons of 685 B'way, West New York, N. J., and signed by W. G. Mamary, and payable at the Royal Bank of Canada at Mayaguz, Porto Rico; which is equal to ($725) Seven Hundred Twenty Five Dollars. The undersigned agrees to deliver the amount of every note when it falls due in picot edge at the then current market price of the said article, at 72 Trinity Place, New York City. In case of the maker's death that is W. G. Mamary, I, S. G. Mamary, will not be responsible for the delivering and payment of the above mentioned notes.

" S. G. Mamary."

At the time of the execution of this agreement the defendant and his said brother Wadi were in business,

dealing in a lace, known as " picot edge," Wadi being the defendant's ·agent in Porto Rico for the purchase of said material.

Upon the trial it developed that defendant's promise to pay the notes in question was made and given on the assurance that plaintiffs would forego suit against Wadi G. Mamary to collect the $500 for which he had failed to account as such action if instituted would be harmful to defendant's business. The question liti-gated in the court below and which calls for determination on this appeal is whether the promise to pay made by defendant was original in nature and if so whether the promise was founded upon a good consideration. The learned trial court resolved the question in favor of plaintiff and I think improperly so. Ever since the decision in *White* v. *Rintoul,* 108 N. Y. 227, the doctrine is well established in the courts of this state as was therein stated " that where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, *and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor.*" (Italics mine.)   See also *Seymour* v. *Warren,* 179 N. Y. 1.

Tested by the rule cited it is important to determine in the first instance whether the promise contained in the written agreement referred to is in fact an original and absolute one to pay the debt in question or collateral merely, and under the authorities as I read them that is to be determined not alone from the language used in the instrument itself but also from the facts and circumstances surrounding it.   In neither instance in the instant case did defendant in my opinion intend or make the debt his own.   Referring to the concluding paragraph of the agreement in ques·

tion it is apparent that the promise of defendant to pay the notes as they respectively fell due was dependent on the principal debtor being alive at those times. The true construction of the whole transaction as shown by the record is that the principal debtor was to forward from Porto Rico at his own expense to his brother, the defendant herein, " picot edge " sufficient to meet the said obligations as they fell due. In the event of the former's death before any or all of same fell due defendant's liability became inoperative under the agreement in question. In no sense therefore did the debt in question become that of defendant. The agreement therefore was collateral in nature, within .the Statute of Frauds and unenforceable. This conclusion renders it unnecessary to determine whether the promise was supported by a consideration.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs.

WHITAKER, J., concurs; BIJUR, J., concurs in result.

Judgment reversed, with costs.