[Civil No. 1836.   Filed May 12, 1921.]

[197 Pac. 894.]

## J. H. MAXEY, Appellant, v. SOMERTON STATE BANK, a Corporation, Appellee.

1. BILLS AND NOTES — RESORT TO CONSTRUCTION OF AGREEMENT TO PAY ATTORNEY'S FEES PROPER ONLY WHEN LANGUAGE AMBIGUOUS.—The province of the court is to interpret an agreement by the maker of a note to pay attorney's fees according to its plain terms, and resort may be had to construction only when the language employed is ambiguous.

2. BILLS AND NOTES—MAKER'S AGREEMENT TO PAY ATTORNEY'S FEES DID NOT REQUIRE AS CONDITION THAT SUIT BE BROUGHT.—A note providing that if it should not be paid punctually, and an attorney was employed, the maker and indorsers agreed to pay a

---

2. On validity of stipulation in bill or note for payment of attorneys' fees, see notes in 55 Am. St. Rep. 438; Ann. Cas. 1917D, 365, 375, 378; L. R. A. 1915B, 928.

reasonable sum as attorney's fees, further providing that the attorney's fees were to be fixed by the court, did not require that suit be brought as a prerequisite to the maker's liability for an attorney's fee.

APPEAL from a judgment of the Superior Court of the County of Maricopa. A. G. McAlister, Judge. Affirmed.

Messrs. Alexander, Christy & Baxter, for Appellant.

Mr. Earl Anderson, for Appellee.

JENCKES, Superior Judge.—The sole question to be determined upon this appeal is whether or not the trial court correctly interpreted a written agreement concerning the payment of attorney's fees embraced within the terms of certain promissory notes. The agreement is set forth in two sentences separated by matter pertaining to other provisions of the notes. The first sentence reads, ''Should this note not be paid punctually, and an attorney be employed, the makers and indorsers of this note severally and jointly agree to pay a reasonable sum in addition to the sum then unpaid, as attorney's fees,'' and the last sentence reads, ''Attorney's fees to be fixed by the judge of the court.'' The notes being long past due the appellee, the holder of the notes, employed attorneys to make collection. Before suit was filed, a tender of the principal and interest due to the date of the tender was made by appellant, the maker of the notes. This tender was not accepted because an additional sum as attorney's fees was not included therein, and appellant brought this action thereafter to enforce the collection of attorney's fees in addition to the sum tendered. The trial court held that attorney's fees had accrued before the tender was made, and rendered judgment for appellee accordingly.

Appellant assigns this as error, arguing that ''the terms of the notes sued on provided that an attorney's fee may not be recovered unless and until a suit has actually commenced thereon,'' and insists that the language of the agreement taken as a whole clearly shows such to be the intent of the parties. If appellant's contention is correct, the judgment must be reversed, because, if by the terms of the agreement attorney's fees had not accrued before tender was made, such tender would be a bar to the recovery of attorney's fees in a suit filed thereafter.

The language of the first sentence of the agreement, if it stood alone, would clearly reveal an intention that an attorney's fee is to be paid if an attorney is employed, regardless of whether or not suit is filed. This intent must be given effect unless the plain import of such language is so restricted by the language employed in the last sentence as to disclose a different intent upon consideration of the whole agreement. Appellant reasons that because by the language of the last sentence the attorney's fees are to be fixed by the judge of the court, and because there can be no judge of the court to fix the fees unless a suit is filed, the meaning conveyed by the language employed in the first sentence is restricted, and that the intention disclosed by the whole agreement is the same as if it were worded ''Attorney's fees to be paid if an attorney is employed and suit is filed.'' To reach the conclusion thus contended for by appellant, it would be. necessary to put a construction upon the terms of the agreement not clearly expressed by its language. The language used in the first sentence, being clear, and not being in terms restricted by the last sentence, cannot thus be construed unless such construction is necessary to give effect to the words employed in the last sentence. If without such construction an effect can be given to such words con-

sistent and compatible with the intent expressed by the language of the first sentence, then there is no ambiguity in the agreement, and it is not necessary to resort to construction to ascertain the intention of the parties.

The province of the court is to interpret the agree-. ment according to its plain terms, and resort may be had to construction only when the language employed is ambiguous.

"Construction can only be employed for the discovery of the true intent and meaning of an instrument, and when the language is plain there can be no construction because there is nothing to construe." 12 C. J. 1302. "Where the terms of a contract are unambiguous and plain they must be held to mean what they clearly express, and no room is left for construction." *McKinney* v. *General A. F. & L. Assur. Co.,* 211 Fed. 951, 128 C. C. A. 449. "A contract is not ambiguous where the court can determine its meaning without any other guide than a knowledge of the simple facts on which from the nature of language in general its meaning depends." 13 C. J. 520, par. 481.

The clear language of the second sentence of the agreement is that the attorney's fees are to be fixed by the judge of the court, but it is not specified that they are to be so fixed at all events; in other words, it does not say that the parties themselves may not agree upon the amount of the attorney's fees. Of course the parties themselves may always agree if they can. Courts and judges are constituted for the purpose of determining controversies when the parties themselves are unable to come to an agreement. Ordinarily, controversies are determined by the court as distinguished from the judge of the court, and ordinarily any controversy arising between the parties to this suit over the amount of the attorney's fee to be paid, in the absence of the qualifying words

contained in the last sentence of the agreement, would be determined by the court, in which event either party would of course be entitled to a trial by jury. Such are the ''simple facts on which, from the nature of language in general, the meaning'' of the agreement under consideration depends. Viewed in the light of such facts, it is apparent that the plain meaning of the language used in the last sentence of the agreement is that, if the parties themselves cannot agree, the judge of the court having jurisdiction in any suit brought for such purpose is to fix the attorney's fees without recourse to trial by jury. Such meaning being entirely consistent and compatible with the meaning conveyed by the first part of the agreement, the full purpose and intent of the parties is clearly revealed. The trial court's interpretation of the agreement was undoubtedly correct, and the judgment must be affirmed.

ROSS, C. J., and BAKER, J., concur.

Note.—Judge McALISTER, being disqualified to sit in the above-entitled cause, took no part in its decision, and Judge JENCKES of the superior court of Maricopa county, was called to sit in the case in his stead.