[Civil No. 4761. Filed September 24, 1945.]

[161 Pac. (2d) 923.]

CITY OF PHOENIX, a Municipal Corporation, Appellant, v. L. A. TANNER, Appellee.

Mr. Richard Minne, City Attorney, and William C. Fields, Assistant City Attorney, for Appellant.

Messrs. Jerman & Thurman, for Appellee.

MORGAN, J.—This is an appeal by plaintiff from a judgment dismissing its complaint. The parties will be designated as plaintiff and defendant. The facts are: In December 1942, plaintiff leased from defendant certain busses which were used by it during the years 1943 and 1944 in the carriage of passengers for hire. The contract contained the following provision:

"Lessee agrees to pay all costs and expenses incident to or in connection with Lessee's operation of said motor busses and that it will not suffer or permit any liens to be imposed or levied against said motor busses."

During its period of operation in 1943 and 1944, defendant having refused to pay registration fees and taxes, the plaintiff lessee paid to the state the registration fees and charges imposed on motor vehicles registered for operation on the highways, in accordance with Art. 2, Chap. 66, Arizona Code Annotated 1939, as amended. Suit was then brought by plaintiff to recover from the defendant lessor the amounts so paid. The written contract was made a part of the complaint. The trial court sustained defendant's motion to dismiss upon the ground that under the terms of the agreement, the plaintiff lessee and operator of the busses, and not the defendant lessor and owner, was obligated to pay the registration fees and taxes. Judgment of dismissal was entered.

Plaintiff's position is that, in the absence of an agreement to the contrary, all taxes and registration fees imposed on the lessor and owner of the leased motor vehicles must be paid by him, and there is no obligation on the lessee to pay. No authorities are cited by plaintiff in support of this contention. Whether the rule asserted is correct is not presently for our determination, since defendant's position is that the terms of the contract are such as to impose

upon plaintiff the duty of paying the registration fees and taxes.

The contract is clear and unambiguous. We must, therefore, interpret it according to its terms. *Maxey* v. *Somerton State Bank,* 22 Ariz. 371, 197 Pac. 894. The law, Section 66–236(c), Arizona Code Annotated 1939, makes registration fees a lien on motor vehicles. The registration and payment of fees and charges are required as a condition for operation upon the highways. Sec. 66–204, Arizona Code Annotated 1939. Without such registration, there can be no operation. Plaintiff agreed not only to pay all expenses of the operation of the busses, but also to protect them from any liens. As used in the contract, "any liens" would cover registration liens as the word "any" is, in its ordinary sense, broadly inclusive. *Williams* v. *Williams,* 217 Ind. 581, 29 N. E. (2d) 557; *Illinois Pipe Line Co.* v. *Brosius,* 106 Ind. App. 390, 20 N. E. (2d) 195; *Chandler* v. *City State Bank, etc.* (Tex. Civ. App.), 135 S. W. (2d) 1013.

Inasmuch as the registration fees and taxes are required to be paid as a condition to use the highways, they are expenses' incident to the operation of the motor busses, which plaintiff agreed to pay. *Seymour* v. *Warren,* 179 N. Y. 1, 71 N. E. 260; *Pittsfield & N. A. R. Corporation* v. *Boston & A. R. Co.,* 260 Mass. 390, 157 N. E. 611; *Fleischer* v. *Pelton Steel Co.,* 183 Wis. 451, 198 N. W. 444; *Ingels* v. *Boteler,* 9. Cir., 100 Fed.( 2d) 915.

By the terms of the contract the plaintiff was obligated to pay the registration fees and taxes, as held by the trial court. The complaint was properly dismissed.

The judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.