**TALTON et al. v. BEHNCKE.**
No. 10660.

United States Court of Appeals
Seventh Circuit.

Oct. 16, 1952.

Rehearing Denied Nov. 21, 1952.

472

Charles A. Thomas, Chicago, Ill., for appellants.

John B. Martineau, Thomas F. Scully, Howard Ellis, Chicago, Ill., Daniel D. Carmell, Chicago, Ill., I. Harvey Levinson, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs, members of the Air Line Pilots Association commonly known as Alpa, brought a class suit to restrain defendant from acting or attempting to act as president. Defendant filed a counterclaim seeking to enjoin plaintiffs from holding out Clarence N. Sayen as president. Upon joinder of issues, the cause was referred to a Master, whose report recommended that an injunction issue as prayed in the complaint and that the counterclaim be dismissed. Both parties filed objections. The District Court, contrary to the recommendation of the Master, entered judgment as prayed in the counterclaim. It did not expressly sustain any objection, but its opinion indicates that it adopted three propositions of law which were involved in some of the objections. Essentially, therefore, the court sustained only the objections covering the three conclusions. Upon plaintiffs' appeal, we are concerned only with the propriety of the court's judgment in this respect. The ultimate issue is whether, under the record in this case, defendant was rightfully recalled from the office of president and whether Sayen was authoritatively made his successor. This issue is dependent upon certain subordinate questions: 1), whether the Constitution was properly amended, so that the Board of Directors might legally recall defendant; 2), whether, if the Constitution was properly amended, defendant was properly recalled, that is, whether the proceedings were such as to interfere improperly with any right he had, and, 3), whether, if the Constitution was properly amended and if under this amendment the defendant was properly recalled, the Board of Directors had a right to designate a new president. A further question is presented as to whether the cause has become moot.

Alpa is a labor organization having a membership of some 6000 air-line pilots. Its internal workings are governed by its Constitution and By-Laws, Section 12 Article I of which provides that "The constitution and by-laws may be amended, added to, or any part or parts thereof may be repealed by an affirmative vote of the majority of the delegates in attendance at a convention. The provisions of this section notwithstanding, the constitution and by-laws may be amended, added to, or any part or parts thereof may be repealed between conventions by a majority vote of the Board of Directors at any meeting called by its Chairman at which seventy-five per cent of all such directors are present in person or by proxy, or by ballot mailed by him to all the members of the Board of Directors." On July 16, 1951 the Board met, between sessions of the convention, as it was properly authorized to do, and, at that time, in pursuance of the section quoted, amended Section 10 of Article 8 of the Constitution, which then provided a procedure whereby an officer might be recalled, prescribing as a preliminary, a petition by 30 per cent of the entire active membership in good standing and thereafter a ballot of the members resulting in a two-thirds majority vote for recall. The section as amended reads: "Recall of officers. The recall of the

President, First Vice President, Secretary and Treasurer of the Association shall be by action of the Board of Directors, in meeting assembled, as hereinafter provided: (a) For the purpose of recall, directors representing 75 per cent of the Association's members in good standing shall constitute a quorum. (b) Recall shall require the affirmative vote of Directors representing a majority of the members in good standing who are represented by the Directors voting. (c) A recalled officer shall upon recall be divested immediately of all authority, privilege, rights and responsibilities commensurate to his office."

After adopting the amendment the Board proceeded to recall the defendant from the office of President by a vote of 5562 for and 269 against, each director casting the number he was authorized to vote under the Constitution and By-Laws. More than 75 per cent of the membership of the Board attended and participated in the meeting. After recalling defendant, the directors proceeded to elect Sayen president. Despite these proceedings, defendant refused to relinquish the office and this litigation resulted.

The Master found that 167 out of 218 board members, constituting approximately 76.5 per cent of the membership, attended the meeting; that the question of amending Section 10 Article 8 was legally presented; that a majority voted in favor of the amendment; that the defendant was duly recalled by the Board under the provisions of the section as amended, by a vote of directors representing 5562 members out of a total membership of approximately 6500, which represented more than 75 per cent of the total membership in good standing, as against 269 members voting in the negative.

The court, in overruling the Master and finding that Behncke was not properly recalled, relied upon the postulates that defendant was entitled to notice and hearing and had been given none; that the directors had no power to amend the recall provision and that the notice of the meeting, in order to justify amendment, should have included advice as to such subject matter. In so holding, as a matter of law, the court seems to have applied the rules governing corporate elections at common law. In this we think it was in error. An unincorporated society such as this, so far as procedure is concerned, has no governing law other than and except its Constitution and By-Laws which constitute a binding contract between all the members and officers. Elevator Operators, etc., v. Newman, 30 Cal.2d 799, 186 P.2d 1. Whether such an association acts properly is to be determined by the authority granted, not by virtue of any statute but by virtue of the Constitution and By-Laws under which it exists and by which the propriety of all its actions is measured. By this compact, plaintiffs, defendant and all other members were bound. Consequently, in examining the validity of the actions of the Board of Directors, we can have recourse only to the question of whether the Constitution and By-Laws authorize the action taken.

We have seen that the Constitution itself provides that it may be amended by a convention or, between conventions, by a majority vote of the Board at any meeting at which 75 per cent of the directors are present. This provision, then, measures the power of the Board to amend. The meeting in question was called, not by Behncke, the president, but, as plaintiffs claim because he refused to call it, by a subordinate officer. It appears that a duly authorized investigating committee had indicated its readiness to report and that, though telegraphic notice that the meeting was to be held was given defendant and that though, when he was asked orally whether he would attend, he said he did not know, he did not appear. Inasmuch as the Constitution constitutes a binding contract between the parties and measures the authority of the directors, it is obvious that the defendant well knew that at any board meeting between conventions, the Constitution, by its own terms, might be amended. Though he was bound to know that any action authorized by the Constitution and By-Laws might be taken by the Board, he did not attend. Obviously it does not lie within his right now to complain that he had no advance notice of the amendment. He was bound to know that it might be made.

And defendant was bound to know not only that the Directors might amend the Constitution in any particular; he was bound also to know that their action might go so far as to involve his authority for his term of office, for there is, under the underlying contract, no restriction upon what they may do in that respect. So, when he failed to attend, he took his chances upon how the Constitution might be amended and in what respect such amendment might affect him or his term of office. It does not lie with him now to complain that he had insufficient notice of the impending action.

■ It may well be, as the court held and as the authorities cited by defendant indicate, that a member has such a vested interest in his membership in the organization that he can not be ousted without hearing, Bricklayers, etc., v. Bowen, Sup., 183 N.Y.S. 855, affirmed 198 App.Div. 967, 189 N.Y.S. 938 and Gilmore v. Palmer, 109 Misc. 552, 179 N.Y.S. 1; Polin v. Kaplan, 257 N.Y. 277, 177 N.E. 833; Texas Farm Bureau Cotton Ass'n v, Stovall, 113 Tex. 273, 253 S.W. 1101. But, where the governing law of the association has been amended, in accord with its provisions, to provide that an officer may be recalled by the Board, no officer governed by the Constitution and its By-Laws can object with any degree of force to the authoritative action taken. Elevator Operators, etc., v. Newman, supra. If, as here, the association's Constitution, voluntarily adopted, in which no one but it and its members are interested, violates no statute or established rule of public policy, it is valid and enforcible. Crisler v. Crum, 115 Neb. 375, 213 N.W. 366, 369; Jennings v. Lee, D.C., 295 F. 561, 564. Such seems to be the law of Illinois. See Steen v. Modern Woodmen, 296 Ill. 104–118, 129 N. E. 546, 17 A.L.R. 406; Peoria Marine & Fire Ins. Co. v. Whitehill, 25 Ill. 382 [466]; Pacaud v. Waite, 218 Ill. 138, 75 N.E. 779, 2 L.R.A.,N.S., 672; Deibeikis v. Link-Belt Co., 261 Ill. 454, 104 N.E. 211. In other words, this is not a case where due process of law is involved. No legal right is involved. No property or other thing of value has been taken from defendant. He has been recalled from office and granted a pen-sion equal to amount to his former salary. The only loss he has suffered is his pleasure and satisfaction in being president of the union,—a privilege not of legal character.

■ Defendant's plea that the meeting should have been called by the president is of no avail, for, having been asked to call it and having refused and having attempted to prevent the directors from attending, he has effectually barred himself from questioning the effectiveness of the call by other authorized officers under the Constitution and By-Laws. Fletcher Cyclopedia Corporations, Sec. 405; Whipple v. Christie, 122 Minn. 73, 141 N.W. 1107.

■ By the governing law and contract, the Constitution and By-Laws, the Board is authorized to act at any meeting. It would seem that the expression "any meeting" needs no definition; it is all inclusive, without limitation or restriction, equivalent to "all" and "every." See City of Phoenix v. Tanner, 63 Ariz. 278, 161 P.2d 923–924; Com. v. One 1939 Cadillac Sedan, 158 Pa. Super. 392, 45 A.2d 406, 409; Federal Deposit Insurance Corp. v. Winton, D.C., 41 F.Supp. 141; Pursley v. Inman, 215 S.C. 243, 54 S.E.2d 800–802; Orme v. Atlas Gas & Oil Co., 217 Minn. 27, 13 N.W.2d 757–763.

■ Defendant insists that the case has become moot, because, subsequent to the events that we have related and to the institution of this proceeding, the officers of the association caused to be mailed a ballot, in accord with the Constitution and By-Laws as they read before being amended, asking for a vote upon the recall of defendant. Such ballot was taken, resulting in an overwhelming majority for the recall. Says the defendant, by such action the case has become moot, because defendant was thereby recognized as president and, therefore, plaintiffs have acceded to the correctness of the judgment.

In the first place, there is no evidence that this action was taken at the behest of plaintiffs; in this respect they are not bound by what the officers of the corporation did. However, even if they were bound, we are

of the further opinion that this subsequent action was entirely in the nature of a search for alternative relief. It is not far removed from a complaint which asks for relief in the alternative. Here the court had declared defendant president. Plaintiffs were appealing and knew not what might happen on the appeal, whether the judgment below would be affirmed or reversed. They knew not whether this court would approve the amendment of the Constitution and By-Laws giving the directors the right to recall the president. Consequently they sought alternative relief. We do not think this amounts to an admission of the correctness of the judgment of the court.

Defendant suggests that his recall and Sayen's election were illegal because a special meeting should have been called for those specific purposes. Again we find nothing in the Constitution and By-Laws which requires this action. The directors were present; to have them return to their distant homes and await a further notice and then return, all at considerable expense, would be futile and absurd. By their presence and participation, they assented to the calling of the meeting and waived any further notice.

We have examined the record in this cause. We think the findings of the Master, in so far as they are involved here, are supported by substantial evidence; that they are not clearly erroneous; that the court, having found no fact of variance with the findings of the Master but having differed with the latter only on matters of law, was in error in its legal conclusions.

Inasmuch as the court did not pass upon all objections to the Master's report and the validity of those not considered remains undetermined, the findings and judgment of the District Court, to the extent that they are involved in this appeal, are reversed and the cause is remanded with direction to set aside the judgment and vacate the findings and conclusions upon the issues presented on this appeal and to proceed to determine the objections to the Master's report upon which it has not acted.