316 P.2d 487

**Michele LEONARDI and Jennie Leonardi, husband and wife, Appellants,**

**v.**

**Ruth FURMAN and Anna Meyers, Appellees.**

No. 6211.

Supreme Court of Arizona.

Oct. 15, 1957.

Darrow & D'Antonio, and Burt Haberman, Tucson, for appellants.

Arthur Goldbaum and Jo Ann D. Diamos, Tucson, for appellees.

PHELPS, Justice.

This is an appeal from a judgment under the declaratory judgment act in favor of plaintiffs-appellees and against defendants-appellants, declaring a lease executed by appellees as lessor to appellants as lessee, on October 15, 1952, for a period of five years, to be a valid, subsisting and enforceable lease agreement, and fixing defendants' attorney's fees under the provisions of the lease in the sum of $250. The parties will be hereinafter referred to as plaintiffs and defendants.

The facts are that plaintiffs leased the premises involved to defendants to be used by them as a restaurant. Defendants went into possession and occupied the premises as such until it was completely destroyed by fire on July 18, 1955. On July 28 following, defendants through their attorney, by letter, declared the lease terminated under the provisions of section 71–303, A.C.A.1939 (now A.R.S. § 33–343) providing that where leased premises are destroyed the lease automatically terminates unless otherwise provided in the lease contract.

Plaintiffs brought this action on August 10, 1955 seeking a declaratory judgment, interpreting the lease with the result above stated.

It is conceded by both parties to the litigation that the solution of the primary issue in the case depends upon the interpretation to be given the following clause in the lease contract:

"If at any time during the term of this Lease, the said premises shall be destroyed by fire, by the elements, by earthquake, or any other inevitable casualty or be so damaged by fire, by

the elements, by earthquake, or any other inevitable casualty that the said premises cannot be repaired or restored within one hundred fifty working days from the date of such damage, this Lease, shall at the option of either party, become terminated and rights hereunder shall cease and terminate and the Tenant shall be entitled to be reimbursed for all rents paid in advance. The Tenant agrees to give the said Landlord access to the leased premises so that the necessary repairs may be resumed without delay, and it is distinctly understood that the above mentioned 150 working days shall not include such time as the premises may be inaccessible for repairs."

They further agree that the question of the allowance of attorney's fees under the provisions of the lease, *under the circumstances,* depends upon the interpretation given to the following clause therein:

"Should suit be brought by the Landlord to enforce payment or to recover on any of the other terms and conditions contained in this Lease, or should the Landlord engage an attorney because of any default or violation made by the Tenant, then the Tenant agrees to pay for all attorney's fees and all costs caused by the Tenant in connection with such default and/or violation or violations."

Both plaintiffs and defendants filed motions for summary judgment on the complaint and answer, and defendants filed a motion for summary judgment on the cross-complaint for the recovery of $200 advance rent paid by defendants to plaintiffs, October 15, 1952, for the month of September 15 to October 15, 1957. The court denied both of defendants' motions and granted plaintiffs' motion and rendered its judgment accordingly with findings of fact.

Defendants' first assignment of error rests upon the claim that the court misinterpreted the clause of the lease first above set forth. They claim that the language used therein is susceptible of but one construction and that is, upon a total destruction of the building by fire, the lease may, at the option of either party, be terminated immediately. We are unable to agree with this interpretation. The material portion of that clause when the surplus verbiage is eliminated, states in clear and concise language that:

"If at any time during the term of this Lease, the said premises shall be destroyed by fire * * * *or* be so damaged by fire, by the elements, by earthquake, or any other inevitable casualty that the said premises cannot be *repaired or restored* within one hundred fifty working days from the date of such damage, this Lease, shall at the option of either party, become terminated and rights hereunder shall

cease and terminate and the Tenant shall be entitled to be reimbursed for all rents paid in advance. * * *" (Emphasis ours.)

There is nothing ambiguous about this language. Counsel for appellants admits this in his brief. Therefore, there is nothing to construe. The language used speaks for itself. Rules of construction have no application. Maxey v. Somerton State Bank, 22 Ariz. 371, at page 374, 197 P. 894, at page 895; City of Phoenix v. Tanner, 63 Ariz. 278, 161 P.2d 923.

Counsel puts much reliance upon the term "or be *so* damaged" arguing that the word "so" is of great significance in that it indicates that the parties to the lease intended to limit the 150-day clause to repair or restore to the term "damage to the premises", and that it had no application where the building is completely destroyed, and he undertakes to say that "repair" and "restore" as used, are synonymous. This, we believe to be unsound in the context here. The term "or be so damaged" as we view it, was intended to protect the tenant against a delay of 150 working days in repairing the premises where the damage might be slight. The word damage may range in degree from slight damage to total destruction. Black, Law Dictionary (4th ed. 1951) at page 535 defines "destroy" as used in insurance policies, leases and statutes to mean that: "which renders the subject useless for its intended purpose, though it does not literally demolish or annihilate it."

The case of Friedman v. Le Noir, 73 Ariz. 333, 241 P.2d 779, does not support defendants' contention. It made no attempt to define "restore" or to distinguish it from "repair". As argued by counsel for defendants, if "repair" and "restore" are synonymous then the term "or restore" added nothing whatever to the agreement. This Court is without authority to reject these words as surplusage even where the contract is ambiguous, 12 Am.Jur., Contracts, section 241. Certainly it cannot ignore them where the contract is unambiguous. We believe there is a clear distinction between "restore" and "repair". A thing may be repaired without being restored. It is restored when it is put back to a former, original, normal or unimpaired condition. United States v. Outer Harbor Dock & Wharf Co., D.C.S.D.Cal., 124 F.Supp. 337, at page 345.

We agree with the interpretation given this clause by the trial court to the effect that if the building could be restored within 150 working days from the date of its damage by fire totally destroying it, the lease could not be terminated immediately at the option of either party to the lease. By the use of the word "restore", as used in this lease, we believe the parties thereto intended it to mean "when the building was replaced, reconstructed, restored, placed in condition for use as a restaurant possessing utilities and facilities equal to

or superior to those possessed by the building destroyed by fire. Black, Law Dictionary (3rd ed. 1933) at page 1505, defines "reconstruction" as follows: "To construct again; to rebuild; to *restore* again as an entity the thing which was lost or destroyed." (Emphasis ours.) Walker v. Dwelle, 187 Iowa 1384, at page 1393, 175 N.W. 957, at page 961.

It follows that if defendants had no right under the provisions of the lease to terminate it immediately upon the destruction of the building, they are not entitled to recover the $200 paid as advance rent on the premises covering the last month of the lease. This is in answer to assignment number two.

█ It is next asserted in assignment number three that the court erred in allowing any attorney fees whatever because the provisions of the lease agreement limit the plaintiffs' right to collect attorney's fees to cases where suit is brought to enforce payment or to recover on any of the other terms and conditions contained in the lease. *The provision of the lease covering this matter clearly provides that plaintiffs may also recover attorney's fees where an attorney is engaged because of any default or violation of the lease by the tenant.*

In the instant case defendants violated the terms of the lease when they declared the lease at an end, quit and surrendered possession of the premises to plaintiffs under the theory that they came within the provisions of section 71–303, A.C.A.1939 (now A.R.S. section 33–343) supra. This section provides that where a building, without fault of the lessee, is destroyed or so injured as to be untenantable or unfit for occupancy, the lessee is not liable for rent thereafter to the lessor unless expressly provided for in the written agreement. The court properly allowed attorney's fees under the above provisions.

After suit was filed by plaintiffs however, defendants abandoned the statute as a defense and relied upon the language of the lease as their defense. We believe we have sufficiently disposed of defendants position on this point under our discussion of their assignment number one.

█ Defendants argue, under their assignment number four, that the court erred in granting plaintiffs' motion for summary judgment because there were disputable issues of material fact to be determined. Of course, if there were any material issues of fact undetermined when the motion was granted, it was error. Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86. Counsel asserts that his answer denied at least five paragraphs of plaintiffs' complaint but did not inform the court upon what denials they relied or of the nature of the facts denied, nor did they devote a single line to their argument thereon except as to paragraph 8 of plaintiffs' complaint, which we will hereinafter consider.

█ The only point argued under this assignment is that defendants denied, in their answer, that the leased premises could be re-

paired in 150 working days from the date of damage. An examination of the complaint and answer indicates that the other denials are based upon questions of law rather than of fact. We will therefore not consider the other alleged issues of material facts and will discuss only the alleged issue as to whether the restaurant could be restored within 150 working days from the date of damage or destruction of the restaurant building.

Let us first see if there exists an issue of fact upon this point. If defendants have not properly raised such issue then we need not go any further into the matter. It is true that paragraph V of defendants' answer denies paragraph VIII of plaintiffs' complaint alleging that plaintiffs have been informed and believe that the leased premises can be repaired or restored within 150 working days, and that they had so notified defendants. Neither the complaint nor the answer were verified.

However, in support of plaintiffs' motion for summary judgment, plaintiffs presented to the court the affidavit of Frank Meyers, husband of Anna Meyers, one of the plaintiffs, to the effect that one Wendell T. Decker, a licensed contractor and builder to whom the plans and specifications for the new building had been submitted, had advised plaintiffs that such a restaurant can be rebuilt within 45 days. That in response to Mr. D'Antonio's letter of July 28, 1955, on behalf of defendants declaring the lease here involved terminated, Mr. Goldbaum, on behalf of plaintiffs, informed counsel for defendants by letter, dated October 2, 1955, that plaintiffs intended to restore said building within 150 working days as provided in said lease, and that this was followed by this action for declaratory judgment. Meyers stated in his affidavit that he had handled his wife's affairs with respect to said property and was fully familiar with all the facts, hence his testimony as to the facts contained therein would have been admissible in evidence at the trial of the case. Therefore, it was properly considered by the court.

This affidavit was supported by an affidavit by Mr. Wendell T. Decker to the effect that he was a duly licensed building contractor doing business in Arizona for over ten years, that he had seen the plans and specifications for the construction of the new restaurant building to replace the one destroyed by fire, and that the same could be completed within (45) working days after commencement of construction. These affidavits were not controverted by defendants by affidavits or otherwise as required by Rule 56(e) of the Rules of Civil Procedure, 16 A.R.S., section 21–1214, A.C.A.1939, which then provided as follows:

"Summary judgment—Form of affidavits—Further testimony.—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show

68

affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

Defendants having failed to file controverting affidavits or otherwise answer under oath there existed no material issue of fact on the time required to rebuild or restore the restaurant building for defendants' occupation and use. In Geller v. Transamerica Corporation, D.C.D.Del., 53 F.Supp. 625, at page 629 Judge Leahy, District Judge, stated that " * * * Where affidavits controvert unverified averments in a complaint, absent the filing of counteraffidavits, I fail to see how genuine issues of fact are created, within the meaning of Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. * * *". He cited a number of cases in other districts and circuits to the same effect. The decision in that case was affirmed on appeal and reported in 3 Cir., 151 F.2d 534. To the same effect is Marion County Co-operative Ass'n v. Carnation Co., 8 Cir., 214 F.2d 557, where the rule is identical with our Rule 56(e) in effect at the time the instant case was tried.

Rule 56(e) since the trial of the instant case, has been amended to incorporate the substance of the interpretation given it by the federal courts above cited. The trial court, therefore, correctly granted plaintiffs' motion for summary judgment.

Judgment affirmed.

UDALL, C. J., WINDES and STRUCKMEYER, JJ., and CHARLES P. ELMER, Superior Court Judge, concur.

NOTE. The late Justice LA PRADE having been ill at the time this case was argued, Honorable CHARLES P. ELMER, Judge of Superior Court of Mohave County, was called to sit in his stead.