■ H. MUEHLSTEIN & CO., INC., Appellant, v FRED STERNBERG, Respondent. ▬ Order, Supreme Court, New York County (Alvin F. Klein, J.), entered September 11, 1984, denying plaintiff's motion for summary judgment in this action to recover on a personal guarantee, reversed, on the law, with costs, and the motion for summary judgment is granted.

On September 15, 1983 the defendant, principal in Jordan Plastics, Inc. (Jordan), executed a guarantee in favor of the plaintiff for the purpose of inducing the plaintiff to extend credit to Jordan for materials that were to be sold and delivered to Jordan. Defendant agreed to pay plaintiff "promptly on demand

all such amounts which are not paid by Customer when due, together with all expenses of collection and reasonable counsel fees incurred by [plaintiff]." Defendant further acknowledged that the guarantee was "absolute, unconditional and continuing". The last sentence of the guarantee, added by defendant, read as follows: "This guarantee shall be limited to one hundred thousand ($100,000.00) and will expire on December 31, 1983."

Between October 5 and 18, 1983, plaintiff delivered to Jordan four shipments whose aggregate agreed price was $64,195.92, no part of which was paid by Jordan.

Following written and telephonic communications between plaintiff and defendant, the defendant sent four checks on behalf of Jordan, which he signed. The first was dated December 16, 1983, and the other three were dated, respectively, January 16, 23 and 30, 1984. All were returned for insufficient funds. This action on the guarantee followed.

Plaintiff's motion for summary judgment was denied by Special Term in the order appealed from, apparently on the view that a factual question was presented as to whether a demand was made on the defendant prior to December 31, 1983. We perceive no factual issue that justifies denial of plaintiff's motion for summary judgment, and accordingly reverse and grant plaintiff's motion for summary judgment.

Preliminarily, we do not believe that the last sentence of the guarantee quoted above is correctly interpreted as terminating defendant's liability on the guarantee for obligations incurred by Jordan prior to December 31, 1983 in the absence of a demand on the defendant prior to that date. We construe that sentence to mean only that the defendant's guarantee would not extend to obligations incurred by Jordan for shipments received by that company after December 31, 1983. Moreover, the fact that defendant sent a check to plaintiff dated December 16, 1983 following telephone and telex communications clearly establishes that demand for payment was made prior to December 31, 1983. We have considered defendant's other contentions and deem them to be totally without merit. Concur — Kupferman, J. P., Sandler, Carro, Rosenberger and Ellerin, JJ.