■ LOUIS DREYFUS ENERGY CORP. et al., Appellants, v MG REFINING AND MARKETING, INC., Defendant, and MG HOLDINGS NORTH AMERICA, INC., Respondent. [758 NYS2d 31] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 24, 2002, which, insofar as appealed from, granted defendant-respondent guarantor's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Plaintiffs claim that in 1993 they entered into certain contracts with defendant guarantor's codefendant that contained buyout options, and seek to hold the guarantor liable for the codefendant's failure to make payment when plaintiffs purported to exercise the buyout options in 1996. By its terms, the guarantee, which was given in 1993 shortly before the alleged formation of the contracts containing the buyout options, was a continuing one of payment of all sums due or to become due from the codefendant to plaintiffs under their contracts, and was to remain in effect until 1994 unless earlier revoked. The IAS court correctly dismissed the action as against the guarantor on the ground that the sums plaintiffs seek to recover as against it did not become due until after the guarantee expired (*cf. Muehlstein & Co. v Sternberg*, 111 AD2d 635 [1985]). While the codefendant's alleged obligation to deliver the purchased product over a 10-year period arose before the guarantee expired, its obligation to make a cash payment in lieu of delivery did not arise until plaintiffs exercised the buyout options after the guarantee expired. Concur—Mazzarelli, J.P., Sullivan, Lerner, Friedman and Gonzalez, JJ.