Daly, J.
The plaintiff was hired by the defendant as salesman for one year from October 10, 1885, at a salary of $1,500 per annum, and his traveling expenses. The hiring took place some days before the date fixed for the commencement of the services and was not in writing. The agreement was fully kept and performed by both parties, and upon the expiration of the year, on October 10, 1886, plaintiff continued in the employ of defendants in the same-capacity, and receiving the same wages, and without any new agreement. On January 10, 1887, he was discharged without cause and brought this action for damages, claiming under an implied contract for a year from October 10, 1886.
The action was tried before a jury and a verdict rendered in his favor, the court instructing the jury that if they found that there was originally a contract for one year, although it was void by the Statute of Frauds, and if the plaintiff thereafter, continued with the defendants in the same capacity, without any new agreement, they might find that there was a new contract for the ensuing year. To this the defendants excepted.
The general rule is that where one is hired for a year and continues in the service after his term has expired without any new contract, the first contract is renewed by the acquiescence of the parties for another year, the continuance in the employment of the hirer with the consent of the latter after the time specified in the contract being equivalent to a new hiring for the same time on the same terms. Wallace v. Devlin, 36 Hun, 275; Greer v. People's Telephone Co., 50 Supr. Ct., 517; Vail v. Jersey L. F. M. Co., 32 Barb., 564; Huntingdon v. Claffin, 38 N. Y., 182.
The appellant contends that this rule cannot apply where the original contract for a year was void under the statute of frauds, because it was not in writing and when made was not to be performed within a year. The reason for this exception to the general rule is not apparent. The new contract is implied from what is presumed to be the intention of the parties ascertained from their acts; that having on both sides carried out a hiring for a year, and continuing in the same relation without making a new arrangement, they enter into a new contract upon the same terms. This *141 new contract is valid under the statute, because it is made ihe instant that performance under it commences, and being valid in itself, it cannot be affected by the invalidity of the old one. There is, besides, no question of invalidity as to that, because it has been fully performed.
The appellants rely upon the case of Blanck v. Littell (9 Daly, 268); but that was not a • case of implied renewal of contract; there was an express agreement for a new hiring made before the new term was to commence, and, therefore, within the statute.
The appellants also contend that the proof shows that the original contract was not for one year, but for a longer period, and that these services were rendered thereunder, and that contract being invalid because not in writing, and to commence on a day subsequent to its date, plaintiff can have no claim except for services actually performed. No evidence was given by defendants as to the terms of the original hiring; the proof on that point is the testimony of plaintiff and his wife. From their testimony it appears that although plaintiff was led to believe that his engagement with defendants would be a permament one, yet that he was not engaged for more than one year. No set time was fixed, except for the beginning of the employment, but the salary was stated to be $1,500 a year, and the hiring was by the year; and the jury might find an engagement for one year.
The judgment and order appealed from should be affirmed, with costs.
Van Hoesen, J., concurs.