(112 App. Div. 250)

### TREFFINGER v. M. GROH'S SONS.

(Supreme Court, Appellate Division, First Department.   April 6, 1906.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—ACTION FOR DAMAGES—PLEADING.

In an action by a servant for breach of the contract of employment, a complaint alleging that on or about the 18th day of April, 1897, plaintiff and defendant entered into a contract that, in consideration of plaintiff faithfully serving defendant for the period from January 1, 1897, to to December 31, 1897, defendant would pay to plaintiff a certain sum per year, was sufficient to show a hiring from January 1, 1897, to December 31st, of the same year, although a part of this period had passed, and there was no direct allegation that the yearly contract was in consideration of plaintiff having rendered services in the past and agreeing to render services in the future.

2. PLEADING—CONSTRUCTION ON DEMURRER.

As against a demurrer, a pleading will be deemed to allege whatever may be implied from the statements by fair and reasonable intendment, and the demurrer cannot be sustained simply because the facts are imperfectly or informally averred.

3. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—RENEWAL.

Where there is a hiring for one year, and the servant continues in the employment after the expiration of the year with the consent of the master, this effects a hiring for another year.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 8–11.]

4. SAME—WRONGFUL DISCHARGE—ACTION—PLEADING.

In an action by a servant for wrongful discharge, an averment that plaintiff after the expiration of the year for which he was employed continued to render services, for which defendant paid, whereby defendant elected to continue the employment for the ensuing year, sufficiently showed a hiring for such ensuing year, and was not defective because of failure to also allege that plaintiff, as well as defendant, elected to renew the contract.

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Gottlieb Treffinger against M. Groh's Sons. From judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Abram I. Elkus, for appellant.
Thomas F. Keogh, for respondent.

HOUGHTON, J.   The plaintiff obtained leave to serve an amended complaint to obviate the difficulties pointed out by this court in reversing a judgment which he had obtained on proof at variance with his allegations.  100 App. Div. 433, 91 N. Y. Supp. 837.  The gravamen of the action is that the plaintiff was hired by the defendant for the entire year 1900 at an annual compensation, and that without cause defendant discharged him before the end of the period, for which breach damages are demanded.  No specific contract is alleged to have been made for the year 1900; the plaintiff claiming that there was a contract for that year because there had been yearly hirings for the same service at the same compensation for previous years, and that the holding over constituted a rehiring for the subsequent year.  The plaintiff's services began in the year 1897.  The allegation with respect to the hiring at that time is:

"That on or about the 18th day of April, 1897, the plaintiff entered into an agreement with the defendant by which it was understood and agreed that, in consideration of the plaintiff's faithfully serving defendant * * * for the period from January 1, 1897, to December 31, 1897, the defendant would pay to the plaintiff the sum of $6,000 per year for said services, and the defendant thereupon hired the plaintiff to work for it, as its brewmaster, for the said period at the said salary, * * * and the plaintiff agreed with the defendant so to work and serve for the said time and the said compensation."

Then follows the allegations that plaintiff performed and defendant paid, and that plaintiff held over for the years 1898, 1899, and 1900, whereby defendant elected in each year to continue the said employment for that year at the same compensation, and that the plaintiff performed to the 1st day of November, 1900, when defendant wrongfully discharged him.  The criticism is that the allegation quoted does not show a hiring from January 1 to December 31, 1897, because no contract could be made in April of that year for services during the entire year.  If the allegation had been that on the 18th of April, 1897, the parties agreed that, in consideration of the plaintiff having from the previous 1st of January to that time faithfully served the defendant as brewmaster, and of his continuing to do so until the following 31st of December, his employment should be deemed a yearly one, at a yearly compensation, we apprehend there would have been no criticism that the plaintiff did not allege a yearly hiring.  If the parties saw fit, in consideration of future faithful service, they could agree, even in the midst of the term, to make the hiring of a definite character, measured by a particular period.  Taking the plaintiff's complaint as a whole, we think he has so alleged.  He says, in substance, that on the 18th day of April, 1897, he entered into an agreement by which it was understood and agreed, in consideration of his faithfully serving the defendant for the period from January 1, 1897, to December 31, 1897, the defendant would deem his hiring a yearly one, pay him a certain compensation per year, and that the defendant thereupon hired him to work for such period of a year at the stipulated salary, and that he assented thereto and served in accordance therewith.  There is no allegation that the plaintiff had faithfully served from the 1st of January to the 18th of April, and there is some ambiguity as to what the term "said period" relates.  A pleading, as against a demurrer, will be deemed to allege

whatever may be implied from its statements by fair and reasonable intendment, and the demurrer cannot be sustained simply because the facts are imperfectly or informally averred, or argumentatively stated, or lack definiteness and precision.  Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9.

In addition, the plaintiff alleges that he held over and continued in the employ of the defendant for the entire year 1898 on the election of the defendant to continue his employment for the period of that year, and that the same occurred with respect to the year 1899, and that he entered upon the year 1900 under the same agreement.  If there was a yearly hiring for either of the years preceding the year 1900, the holding over, under the circumstances alleged, would constitute a hiring for such year.  Where there is a hiring for one year, and the servant continues in the employment after the expiration of the year with the consent of the master, this effects a hiring for another year.  Brightson v. Claflin Co., 180 N. Y. 76, 81, 72 N. E. 920; Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143.

Criticism is made that 'the plaintiff alleges that only the defendant elected to continue the employment for another year.  It is not alleged in words that the plaintiff assented, but the facts which he alleges show that he did, and by fair intendment that he and the defendant both assumed that he was serving during the years 1898 and 1899, at least, under a contract of yearly hiring.  It might well be said that he alleges a contract created by operation of law for the year 1900.  Bennett v. Mahler, 90 App. Div. 22, 85 N. Y. Supp. 669.  Our conclusion is that the demurrer was improperly sustained, and that it should have been overruled.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to withdraw the demurrer and to plead, upon payment of costs of the appeal and of the trial court.

O'BRIEN, P. J., and INGRAHAM and CLARKE, JJ., concur.

McLAUGHLIN, J. (dissenting).  Unless the original contract of hiring in 1897 was for one year, then the complaint does not state a cause of action, because the only facts stated from which it can be inferred that there was a yearly hiring thereafter are that the plaintiff "held over and continued in the employ of the defendant in said capacity during the entire year of 1898,  *  *  *  1899,  *  *  * ," and to about the 1st of November, 1900, when he was wrongfully discharged.  The original contract of hiring was not for one year.  The allegation is:

"That on or about the 18th day of April, 1897, the plaintiff entered into an agreement with the defendant, by which it was understood and agreed that, in consideration of the plaintiff's faithfully serving the defendant in the capacity of brewmaster  *  *  *  for the period from January 1, 1897, to December 31, 1897, the defendant would pay to the plaintiff the sum of six thousand ($6,000) dollars per year for the said service."

Manifestly, under a contract made the 18th day of April, the plaintiff could not, as a consideration of his employment, render service from the 1st of the preceding January to that time.  All he could

do would be to render service during the life of the contract, and this, according to the allegation of the complaint, he did at the rate of $6,-000 per year. A contract to pay for services at a given rate is not equivalent to a contract of yearly hiring. Martin v. N. Y. Life ·Ins. Co., 148 N. Y. 121, 42 N. E. 416.

It may be, as suggested in the prevailing opinion, that if the parties had agreed, in consideration of the plaintiff's having from the previous 1st of January to that time faithfully served the defendant as brewmaster, and of his continuing to do so until the following 31st of December, his employment should be deemed a yearly one, at a salary of $6,000 per year, that this would constitute a good contract for the following year at the same compensation, in case nothing was said and the services were rendered. But no such contract is pleaded. The validity of the·contract must be tested by the facts stated in the com-plaint, and not by what might have been stated. In my opinion, the only contract alleged in the complaint for the year 1897 was from the 18th day of April to the 31st day of December, and at the rate of $6,-000 per year. If it be sought to infer that any other contract was made, then the only fair inference, as it seems to me, is that one was made, not for any specific time, but one by which the services rendered were to be paid for at so much per year; in which event the same might be terminated by either of the parties to it at any time.

For these reasons, I think the judgment should be affirmed.