Chief Judge Desmond.
In passing on the correctness of the Appellate Division’s dismissal of this complaint we must give our attention to these questions of law:
(1) As to a fully performed oral agreement for one year of service unenforcible under the Statute of Frauds because the terminal date of performance was more than a year after the making of the pact, may the conduct of the parties in continuing the relationship beyond the agreed expiration date be taken as proof of their intent to renew for another year?
(2) If the answer to the foregoing is “ yes ”, does this complaint fail to set out a cause of action because the agreement was not one creating a conventional master-servant relationship ?
The first of those questions should be answered in the affirmative and the second in the negative, resulting in a reversal of the judgment of dismissal and a reinstatement of the pleading.
The complaint, so far as it runs against the corporate defend- and (hereafter called “defendant-respondent”), says that plaintiff and defendant-respondent are corporations, that defendant-respondent is a manufacturer of products used with photographic and sound recording equipment, that plaintiff’s business is acting as export manager for manufacturers like defendant-respondent and that during October and November, 1957 an agreement (concededly not in writing) was made between them whereby, for a year beginning January 1, 1958, plaintiff was to act as defendant-respondent’s exclusive export manager for the whole world except the United States and Canada and to be compensated for its services by the allowance of certain discounts on the prices of the items handled by plaintiff. Plaintiff alleges that without any express agreement the same relationship was continued on the same terms during the calendar year 1959 and similarly on past the beginning of the year 1960. However, in April, 1960, so the complaint says, defendant-respondent refused to allow plaintiff to act any longer as export manager, to plaintiff’s damage.
*252 Defendant-respondent moved for judgment on the pleadings on the ground that the alleged agreement, not being in writing and hot to be performed within a year, was unenforcible. Special Term, citing Adams v. Fitzpatrick (125 N. Y. 124), denied the motion and stated the rule to be that the Statute of Frauds has no application to a fully performed contract. The Appellate Division majority did not disagree with that but stated that the automatic renewal doctrine as to contracts which parties continue to act under after expiration date “ is strictly confined to agreements in which the master and servant relationship is the basis of the contract ’ ’. The majority held — and with this we agree — that, while the word “ employed ” is used in this complaint, the relationship described is not really that of master and servant but of some sort of agency. The two dissenting Appellate Division Justices thought that, while the complaint failed to set forth facts establishing an implied renewal, plaintiff should be allowed to amend by stating such additional facts if they exist.
Adams v. Fitzpatrick (125 N. Y. 124, supra) settled it as the law of this State that, where one enters into the employ of another under a contract for a year’s service at a yearly salary and continues in the employment after the year’s end, there is available an inference or implication of fact that the parties intended to renew for another year (see, also, Brightson v. Claflin Co., 180 N. Y. 76) even though the agreement, being oral and made more than a year before its original expiry, was until performed unenforcible under the Statute of Frauds.
No one really doubts the nonapplicability of the Statute of Frauds defense. Such difficulty as exists comes about because all the decisions cited to us and found by us are in. master-servant or landlord-tenant cases (Beeston v. Collyer, 4 Bingham 309 [Common Pleas, 1827]; Hodge v. Newton, 14 Daly 372, and cases cited; Chamberlain v. Pratt, 33 N. Y. 47; Treffinger v. Groh's Sons, 112 App. Div. 250, affd. 185 N. Y. 610). But the rule is not really one of substantive law, but of evidence. Entering into a contract to run for a year, and then continuing to act as if its time had not run, is sufficient evidentiary support for a finding that the parties in fact intended to keep it alive for another year (1 Corbin, Contracts [1963 ed.], § 18, p. 43). Suggestive although not controlling is Chase v. Second Ave. R. R. *253 Co. (97 N. Y. 384). Chase was not suing on an employment or real estate tenancy agreement, but the court at least intimated that had the contract been for one year only there could have been implied at its expiration an agreement to renew for another year.
This complaint does not show the usual contract of hire but we see no reason why the implication of an agreed renewal from the fact of continuance beyond a year should not be available at least as to engagements like the one made between these parties for performance of services. The use of the fact of continuance to prove an intent to prolong the relationship is one of justice and common sense. It should not be considered inapplicable here. Plaintiff should be allowed to establish such intent by any facts he can exhibit, including the fact — if it be the fact — that the parties allowed the original arrangment to be carried without change into subsequent years. Defendant of course may bring forward evidence that the parties intended otherwise.
The judgment should be reversed and the motion denied, with costs to abide the event.
Judges Fuld, Burke, Foster and Scileppi concur with Chief Judge Desmond ; Judges Dye and Van Voorhis dissent and vote to affirm for the reasons stated in the opinion at the Appellate Division.
Judgment reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein, with costs to abide the event.