■ BUDCO ASSOCIATES, INC., Respondent, v ROYAL EXCHANGE ASSURANCE OF AMERICA, Appellant.—Judgment in plaintiff's favor entered in the office of the clerk of the Supreme Court, New York County, on September 5, 1975, unanimously affirmed, with $60 costs and disbursements to respondent. Issues of credibility in the conflicting testimony between plaintiff's general manager and the truckman delivering parts for a roller coaster to the amusement park, as to whether plaintiff accepted delivery of the two cases in plaintiff's parking lot were properly given to the jury. In addition, the court correctly submitted to the jury the question whether said goods were "in transit" or had been delivered when the loss through fire occurred, inasmuch as the insurance policy which covered the freight provided that "insurance attaches from the time the goods leave * * * the insurance continues whilst the goods are in transit * * * until delivered to the final * * * destination named in the policy". Implicit in the submission was the question whether plaintiff exercised dominion over the goods so that it might be said delivery had occurred. The trial court was correct in refusing to hold as a matter of law that delivery was completed when the truckman left the freight on a trailer in the parking lot, in light of evidence showing that on six previous occasions similar freight had been delivered an additional distance, to the amusement area where a roller coaster for which the parts were intended was being erected. (See *Loveless Mfg. Co. v Roadway Exp.,* 104 F Supp 809, 812; *Pulitzer Creations v Phoenix Ins. Co.,* 47 Misc 2d 801, affd 52 Misc 2d 934.) Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.

■ BYRON F. WHITEHILL, Respondent, v MAIMONIDES SCHOOL, Appellant.—Order, Supreme Court, New York County, entered on October 8, 1975, denying defendant's motion for summary judgment dismissing the complaint in this action for damages for breach of an oral contract of employment, unanimously reversed, on the law, and complaint dismissed, without costs and without disbursements. Based upon the allegations in the complaint, the items of plaintiff's bill of particulars and his pretrial testimony, it is beyond dispute in this record that the oral contract sued upon was made on July 6, 1973, with performance to commence on August 1, 1973 and be completed on July 31, 1974. As a matter of law, such an agreement is violative of the Statute of Frauds and, accordingly, is not enforcible. "The agreement * * * was void since 'By its terms it [was] not to be performed within one year from the making thereof'. (General Obligations Law, § 5-701.)" *(Hanan v Corning Glass Works,* 35 AD2d 697, 698.) Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Nunez, JJ.