■ Jack Laub, Respondent, v Bolar Pharmaceutical, Inc., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated June 10, 1985, as denied its cross motion to dismiss the first and third causes of action, and a portion of the second cause of action of the complaint, pursuant to CPLR 3211 (a) (5) and General Obligations Law § 5-701 (a) (1), as barred by the Statute of Frauds.

Order reversed insofar as appealed from, on the law, with costs, cross motion granted, and the first and third causes of action and that portion of the second cause of action which seeks an accounting and judgment for commissions on sales made after the termination of plaintiff's services are dismissed.

The complaint alleges that the parties entered into a verbal agreement whereby plaintiff, in return for a certain percentage of sales as commissions, was to procure large chain drug stores as customers for defendant's generic drug products. At one point, the plaintiff requested of the defendant that the agreement be reduced to writing but the defendant refused to do so and the parties simply continued their relationship.

The defendant terminated the relationship and stopped paying the plaintiff commissions. The plaintiff is seeking, *inter alia,* commissions for sales to customers after his services were terminated. The defendant asserted the Statute of Frauds as a defense and moved to dismiss the first and third causes of action and a portion of the second cause of action of the complaint pursuant to CPLR 3211 (a) (5) and General Obligations Law § 5-701 (a) (1). Under the alleged agreement, the plaintiff's right to commissions was not dependent upon any act of either the plaintiff or the defendant but, rather, depended upon an independent third party, a customer previously obtained for the defendant by the plaintiff. The contract, then, was not one which might be performed within a year and, as such, is unenforceable under the Statute of Frauds *(see, Zupan v Blumberg,* 2 NY2d 547; *D & N Boening v Kirsch Beverages,* 99 AD2d 522, *affd* 63 NY2d 449).

A review of the record before us fails to show written memoranda, either signed or unsigned, which would satisfy the Statute of Frauds for the purpose of permitting parol evidence as to the custom and practice of the trade *(see, Stulsaft v Mercer Tube & Mfg. Co.,* 288 NY 255; *Dorman v Cohen,* 66 AD2d 411). Nor are the circumstances so egregious

as to render unconscionable, under the principle of estoppel, the assertion of the Statute of Frauds (see, American Bartenders School v 105 Madison Co., 91 AD2d 901, affd 59 NY2d 716; D & N Boening v Kirsch Beverages, supra). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.