■ WE TRANSPORT, INC., Appellant, v SUFFOLK TRANSPORTATION SERVICE, INC., et al., Respondents. [596 NYS2d 166] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), entered January 3, 1991, which denied its motion to enjoin the defendants from interfering with or terminating the contract between it and Suffolk Transportation Service, Inc., and to compel the defendants to perform their contractual obligations, and which granted the motion of Suffolk Transportation Service, Inc., to dismiss the complaint for failure to state a cause of action on the ground of the Statute of Frauds.

Ordered that the order is affirmed, with costs.

The plaintiff WE Transport, Inc. (hereinafter WE Transport) entered into a written subcontract agreement with the defendant Suffolk Transportation Service Corp. (hereinafter Suffolk) to provide busing services on behalf of Suffolk for the Brentwood Union Free School District for the 1986-1987 school

year. During the 1987-1988, 1988-1989, and 1989-1990 school years, WE Transport orally agreed to continue to provide busing services pursuant to Suffolk's contract with the school district. The oral contracts for the aforementioned school years are not in dispute. In February 1990 WE Transport allegedly entered into an oral subcontract agreement with Suffolk to provide busing services for the school district's 1990-1991 school year. In August 1990 WE Transport received a carbon copy of a letter Suffolk sent to the school district informing it that WE Transport would no longer provide busing services under Suffolk's contract with the school district. WE Transport brought the instant action, and Suffolk moved to dismiss the action for failure to state a cause of action based upon the Statute of Frauds. The Supreme Court dismissed the complaint as barred by the Statute of Frauds. We affirm.

An oral contract made in February 1990 to provide services from September 1990 to June 1991 is a contract which cannot be performed within one year. Therefore, the contract falls within the confines of the Statute of Frauds and is unenforceable (see, Whitehill v Maimonides School, 53 AD2d 568; Hanan v Corning Glass Works, 35 AD2d 697; Lonsdale v Migel, Inc., 222 App Div 197). To satisfy the Statute of Frauds, it is not essential that the writing be a single document (see, Seymour v Warren, 179 NY 1). The writing can be evidenced by several documents (see, Seymour v Warren, supra; Aloisi v Coin Phones, 157 AD2d 688; Klein v Jamor Purveyors, 108 AD2d 344). WE Transport has not offered sufficient documentary evidence to prove a binding contract. Moreover, the doctrine of promissory estoppel is not applicable since WE Transport has not suffered an unconscionable injury (see, American Bartenders School v 105 Madison Co., 59 NY2d 716; Carvel Corp. v Nicolini, 144 AD2d 611, 612; Buddman Distribs. v Labatt Importers, 91 AD2d 838).

We have considered WE Transport's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.