■ STEPHANIE GELLER, Appellant, v REUBEN GITTELMAN HEBREW DAY SCHOOL, Respondent. [826 NYS2d 103]—

In an action, inter alia, to recover damages for breach of an

employment contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated December 23, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the claim based upon an alleged oral agreement dated August 2000.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 19, 1999 the plaintiff and the defendant's principal executed a written employment agreement pursuant to which the plaintiff was hired as a part-time administrative assistant at an annual salary of the sum of $22,175. Prior to the agreement's expiration, the parties allegedly entered into an oral agreement that the plaintiff would continue in that capacity for an additional year on a full-time basis and earn the sum of $34,000. The latter agreement, however, was not reduced to writing and on October 31, 2000 the plaintiff's employment was terminated.

The plaintiff subsequently commenced this action alleging, inter alia, breach of the purported oral employment agreement. Following joinder of issue and the completion of disclosure, the defendant moved, among other things, for summary judgment dismissing the claim based upon the alleged oral employment agreement as violative of the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]). Contrary to the plaintiff's contentions, the Supreme Court properly granted that branch of the defendant's motion.

"[A]n oral employment agreement for a period of one year to commence at a time subsequent to the making of the agreement is unenforceable against a plea of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1; *Whitehill v Maimonides School,* 53 AD2d 568; *Hanan v Corning Glass Works,* 35 AD2d 697). Such an agreement is void if, '[b]y its terms [it] is not to be performed within one year from the making thereof' (General Obligations Law § 5-701, subd a, par 1)" (*Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318, 319 [1981]; *see Lanzet v Eastern Wholesale Fence Co.,* 213 AD2d 601, 602 [1995]; *WE Transp. v Suffolk Transp. Serv.,* 192 AD2d 601, 602 [1993]). Nor did the alleged oral agreement constitute a renewal of the earlier written contract (*see Cinefot Intl. Corp. v Hudson Photographic Indus.,* 13 NY2d 249 [1963]; *Adams v Fitzpatrick,* 125 NY 124 [1891]) since the purported material terms (i.e., as to salary and the amount of services required) differ.

Finally, "[t]he circumstances set forth by plaintiff do not rise to a level of unconscionability warranting application of equitable estoppel" (*American Bartenders School v 105 Madison Co.,*

59 NY2d 716, 717 [1983]; *see WE Transp. v Suffolk Transp. Serv., supra* at 602; *Laub v Bolar Pharm.,* 117 AD2d 586 [1986]; *Station Mgrs. v Swerdloff,* 74 AD2d 258, 263 [1980]). Adams, J.P., Ritter, Lunn and Covello, JJ., concur.