■ Lorraine Goldman, Respondent, v White Plains Center for Nursing Care, LLC, et al., Appellants. [840 NYS2d 788]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 5, 2006, which granted plaintiff's motion for partial summary judgment on liability as to her breach of contract claim, unanimously reversed, on the law, without costs, the motion denied, defendants' cross motion granted, and plaintiff's claim for breach of contract dismissed.

Pursuant to a written employment agreement entered into by plaintiff and nonparty The Nathan Miller Center for Nursing Care, Inc. (the Miller Center), plaintiff agreed to serve as the executive director of the Miller Center's two nursing homes for a period of two years commencing April 1, 1990 with base and additional salary to be adjusted yearly. The terms of the employment agreement included the following relevant sections:

"1. Term of Employment . . .

"b. Subject to the terms of Section 6 hereof, the parties hereto agree to enter into good faith negotiations not less than nine (9) months prior to the end of the Employment Period with respect to renewal of this Agreement on mutually agreeable terms. . . .

"6. Termination. This Agreement may be terminated:

"a. By mutual agreement of the parties;

251

"b. By either party giving notice to the other at least six (6) months prior to the end of the Employment Period of its intention not to renew this Agreement in accordance with the notice provision of Section 9 . . .

"f. The Miller Center will, as of the effective date of termination or expiration of this Agreement, be released of any responsibility or obligation hereunder, except for payment of salary and benefits accrued to the effective date of such expiration or termination. . . .

"9. Notice. Any notice hereunder will be in writing and shall be sent by certified mail, return receipt requested, to the parties at their addresses set forth below, or to such other addresses as the parties may from time to time fix in the same manner . . . ." The employment agreement also provided, in section 8, that it constituted the entire agreement and understanding between the parties, that neither party would be bound by any condition, warranty or representation other than as expressly provided for therein, and that neither party could waive her or its rights thereunder unless in writing.

On October 27, 2004, the Miller Center completed the sale of its nursing facilities to defendants White Plains Center for Nursing Care and NMC Acquisition (collectively White Plains Center). Simultaneously, White Plains Center agreed to assume, pursuant to an assignment and assumptions of contracts agreement, the Miller Center's existing contracts, including plaintiff's employment agreement. On January 19, 2005, three months after acquiring the nursing homes, White Plains terminated plaintiff's employment.

In support of her motion for partial summary judgment, plaintiff argued that her employment agreement, having been extended over a period of many years by the parties, in successive two-year terms, was last renewed for the term April 1, 2004 through March 31, 2006, and was therefore breached when White Plains Center discharged her on January 19, 2005. In support of its cross motion to dismiss the breach of contract claim, White Plains Center argued that the employment agreement had never been renewed and that it expired by its own terms on March 31, 1992, thereby rendering plaintiff an employee at will. The motion court granted plaintiff summary judgment, ruling that while the statute of frauds barred any presumption of renewal for the original two-year term, the employment agreement had been impliedly renewed by operation of law for successive one-year extensions through March 31, 2006 (citing, inter alia, *Borne Chem. Co. v Dictrow*, 85 AD2d 646 [1981]). We reject this interpretation of the agreement.

Where, as here, the terms of an agreement are clear and unambiguous, its plain meaning should be enforced without regard to consideration of extrinsic evidence of the parties' understanding or intent (*Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]). In support of her argument that the term of her employment automatically renewed, plaintiff proffered no evidence that, in accordance with section 1 (b), the parties entered into negotiations with respect to the renewal of the agreement or that an extension agreement was in fact executed. In fact, plaintiff's argument contradicts the agreement's clear and unambiguous language that her term of employment was to be for a two-year period commencing April 1, 1990 unless it was terminated by mutual agreement or either party's notice of its intention not to renew. Plaintiff's argument, if we were to accept it, would also render meaningless the agreement's distinction between "termination" and "expiration," as well as the provision that renewal negotiations were to be begun no less than nine months prior to the end of the employment period (*see Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64, 69 [1999]). Accordingly, we find that the employment agreement expired by its own terms, and, as such, plaintiff was an employee at will at the time of her discharge. Based on this status, plaintiff's claim for breach of contract should have been dismissed (*Grebinar v Consolidated Edison of N.Y., Inc.*, 12 AD3d 277 [2004], *lv denied* 4 NY3d 708 [2005]).

*Borne* (85 AD2d 646 [1981], *supra*), relied upon by the motion court, is distinguishable. Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ.