[896 NE2d 662, 867 NYS2d 27]

Lorraine Goldman, Appellant, v White Plains Center for Nursing Care, LLC, et al., Respondents.

Argued September 2, 2008; decided October 16, 2008

## POINTS OF COUNSEL

*Law Offices of Annette G. Hasapidis,* South Salem (*Annette G. Hasapidis* of counsel), and *Samuel J. Landau,* New York City, for appellant. I. The Appellate Division erred in ruling that the contract expired by its own terms on March 31, 1992 and that the common-law presumption of renewal for one-year implied-in-fact contracts did not apply. (*Cinefot Intl. Corp. v Hudson Photographic Indus.,* 13 NY2d 249; *Adams v Fitzpatrick,* 125 NY 124; *Borne Chem. Co. v Dictrow,* 85 AD2d 646; *Carter v Bradlee,* 245 App Div 49, 269 NY 664; *Perlick v Tahari, Ltd.,* 293 AD2d 275; *Shenn v Fair-Tex Mills,* 26 AD2d 282; *Capital Med. Sys. v Fuji Med. Sys., U.S.A.,* 239 AD2d 743; *Watts v Columbia Artists Mgt.,* 188 AD2d 799; *Town of Webster v Village of Webster,* 280 AD2d 931; *New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365.) II. The lower court erred in ruling that appellant failed to even raise a question of fact whether the agreement was renewed annually by the creation of an implied-in-fact contract. (*McNulty v City of New York,* 100 NY2d 227; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Ayotte v Gervasio,* 81 NY2d 1062; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Tjoa v Butterfield Mem. Hosp.,* 205 AD2d 526.)

*Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP,* Lake Success (*Sarah C. Lichtenstein* of counsel), for respondents. I. The Appellate Division applied the proper standard in concluding that Lorraine Goldman's employment agreement was not renewed. (*Adams v Fitzpatrick,* 125 NY 124; *Cinefot Intl. Corp. v Hudson Photographic Indus.,* 13 NY2d 249; *Innophos, Inc. v Rhodia, S.A.,* 10 NY3d 25; *Greenfield v Philles Records,* 98 NY2d 562; *Chimart Assoc. v Paul,* 66 NY2d 570; *Teitelbaum Holdings v Gold,* 48 NY2d 51; *West, Weir & Bartel v Mary Carter Paint Co.,* 25 NY2d 535; *Town of Webster v Village of Webster,* 280 AD2d 931; *Computerized Med. Imaging Equip. v Diasonics Ultrasound,* 303 AD2d 962; *Shenn v Fair-Tex Mills,* 26 AD2d 282.) II. Lorraine Goldman presented no evidence that the parties to the employment agreement intended the agreement to be renewed. (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Modell's N.Y. v*

*Noodle Kidoodle,* 242 AD2d 248; *Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO,* 21 AD3d 1370; *Maas v Cornell Univ.,* 253 AD2d 1, 94 NY2d 87; *Chase v United Hosp.,* 60 AD2d 558.) III. White Plains Center for Nursing Care, LLC's purported assumption of the employment agreement does not defeat summary judgment dismissing the petition. (*Wald v Marine Midland Bus. Loans,* 270 AD2d 73; *Matter of International Ribbon Mills [Arjan Ribbons],* 36 NY2d 121; *Tanbro Fabrics Corp. v Deering Milliken,* 35 AD2d 469, 29 NY2d 690; *Negron v JP Morgan Chase/Chase Manhattan Bank,* 14 AD3d 673; *Lobosco v New York Tel. Co./NYNEX,* 96 NY2d 312; *Thawley v Turtell,* 289 AD2d 169; *Grebinar v Consolidated Edison of N.Y., Inc.,* 12 AD3d 277.)

### OPINION OF THE COURT

GRAFFEO, J.

In this case we must decide whether the expiration of a two-year employment contract gives rise to successive one-year implied contracts when the employee continues working for the employer without a new agreement. Based on the language of the contract before us, we conclude that plaintiff became an at-will employee at the end of the two-year period.

Plaintiff Lorraine Goldman entered into a written employment agreement to become the administrative director of two skilled nursing facilities for a two-year period commencing on April 1, 1990. The contract specified that the parties would "enter into good faith negotiations . . . with respect to renewal of th[e] Agreement on mutually agreeable terms" no less than nine months before the contract was due to expire. The agreement could be terminated by the mutual consent of the parties or "[b]y either party giving notice to the other at least six (6) months prior to the end of the Employment Period of its intention not to renew this Agreement." At expiration of the contract or termination of employment, the employer would "be released of any responsibility or obligation hereunder, except for payment of salary and benefits accrued to the effective date of such expiration or termination." Finally, the contract represented the "entire Agreement and understanding" of the parties and could "not be changed, modified or amended, except by a writing signed by" plaintiff and the employer.

During the course of the two-year term, plaintiff and her employer did not discuss renewal of the agreement and neither sent a notice of termination. After the contract expired on

March 31, 1992, plaintiff continued to serve as administrative director and received annual salary adjustments until the facilities were purchased by defendants White Plains Center for Nursing Care, LLC and NMC Acquisition, LLC (collectively White Plains Center) in October 2004. In conjunction with that transaction, White Plains Center executed an assignment and assumption of contracts, which listed plaintiff's 1990 employment contract among the documents provided to the purchasers. Three months later, White Plains Center terminated plaintiff's employment.

Plaintiff initiated this breach of contract action, seeking summary judgment and money damages against White Plains Center.[1] Supreme Court granted plaintiff's motion, ruling that her continued employment following the expiration of the original two-year agreement gave rise to a presumption that the parties intended to renew the contract for successive one-year terms (2006 NY Slip Op 30264[U]). The Appellate Division disagreed, concluding that the application of an implied contractual arrangement after expiration of the two-year term was inconsistent with the express language of the original employment agreement (43 AD3d 251 [2007]). We now affirm.

A fundamental tenet of contract law is that agreements are construed in accordance with the intent of the parties and the best evidence of the parties' intent is what they express in their written contract (*see e.g. Innophos, Inc. v Rhodia, S.A.*, 10 NY3d 25, 29 [2008]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms," without reference to extrinsic materials outside the four corners of the document (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]).

Here, the agreement included a provision requiring the parties to negotiate a renewal of the employment arrangement before the contract was set to expire. The contract also specified that its terms would end when a party stated its "intention not to renew" the employment arrangement "at least six (6) months prior to the end of the Employment Period,"[2] or when the parties failed to reach an agreement extending the term of employ-

---

1. The parties settled a cause of action alleging age discrimination.

2. A notice of intent not to renew can serve varying purposes. A party can use the notice to advise the other that both the contract and the employment would discontinue. However, an employee can also use the notice to inform an employer of a desire not to extend the terms of the contract but to keep working for the employer on an at-will basis without being contractually obligated

ment. If the agreement was allowed to expire at the conclusion of the two-year term, the contract provided that the employer would have no further obligations to plaintiff other than compensating her for accrued salary and benefits. The parties also made clear that the language of the contract reflected their entire understanding and that the terms of the agreement could be modified only in a written instrument signed by both plaintiff and her employer. These provisions unambiguously indicate that the parties understood that the employment contract would end at the conclusion of the two-year period unless an extension was agreed upon.

Plaintiff nevertheless maintains that a one-year implied contract on the same terms as set forth in the original agreement was created each year that her employment continued after the expiration of the written contract. Aside from the fact that this position is contrary to the renewal provisions of the agreement, this contention conflicts with the well-established rule that, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]; *see e.g. Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300 [1983]). Plaintiff therefore relies on a common-law rule that recognizes an inference that parties intend to renew an employment agreement for an additional year where the employee continues to work after expiration of an employment contract (*see Cinefot Intl. Corp. v Hudson Photographic Indus.*, 13 NY2d 249, 252 [1963], citing *Adams v Fitzpatrick*, 125 NY 124 [1891]).[3] This common-law presumption—developed in the nineteenth century before the establishment of the employment-at-will doctrine—can be rebutted by demonstrating that the parties did not intend to allow a contract to renew automatically (*see Cinefot*, 13 NY2d at 252).

Decisions such as *Cinefot* (13 NY2d 249 [1963]) and *Adams* (125 NY 124 [1891]) are distinguishable from this case. In *Cinefot*, the parties orally agreed that the plaintiff would be hired as the defendant's employee for one year and there was no indica-

to serve for a definite period of time. Similarly, an employer can issue notice after deciding that it wants the employment arrangement to continue but does not want to commit to a particular time frame.

**3.** The common law created a presumption of a new term of employment of only one year to avoid a statute of frauds problem (*see e.g. Borne Chem. Co. v Dictrow*, 85 AD2d 646, 648 [2d Dept 1981]; General Obligations Law § 5-701 [a] [1]).

tion that they agreed that the contract could not be renewed unless future negotiations occurred and a new agreement extending the term of employment was reached. *Adams* similarly involved an oral employment contract for approximately one year that also did not require negotiations for contract renewal. Since neither of these cases incorporated terms dealing with contract extension similar to those in the case at issue, the common-law evidentiary presumption was appropriate because its application did not contradict any express provision of the agreements. But in this case—where the employer and employee agree that the contract memorializes their understanding, can be modified only in writing and expires on a specified date absent additional negotiations for a new agreement—application of the common-law presumption would be contrary to principles of contract interpretation and the employment-at-will doctrine. In such a situation, the evidentiary presumption must yield—and this should be the result regardless of whether the contract is oral or written. We therefore hold that the common-law rule cannot be used to imply that there was mutual and silent assent to automatic contract renewal when an agreement imposes an express obligation on the parties to enter into a new contract to extend the term of employment.[4] Hence, plaintiff's employment became an at-will arrangement upon the expiration of the agreement on March 31, 1992 and defendants were entitled to summary judgment dismissing the breach of contract claim.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.

---

[4] Parties to future contracts can avoid uncertainty regarding application of the common-law rule simply by specifying that continuation of the employment relationship after the expiration of the contractual period will result in either successive one-year extensions of employment or at-will employment status.