FRANK WOOD, Appellant, v LONG ISLAND PIPE SUPPLY, INC., et al., Respondents. [919 NYS2d 183]—

The plaintiff and the defendants entered into an employment agreement whereby the plaintiff agreed to serve as the defendants' product manager in their Albany facility for a five-year term, commencing December 1, 2001. The agreement specified that it was intended to be "a complete and exclusive statement of the terms of the arrangement between the parties" and could not be changed orally.

After the expiration of the five-year term of employment, the plaintiff continued his employment with the defendants as their product manager upon the same material terms until he was terminated on December 16, 2008. The plaintiff commenced this action against the defendants to recover damages resulting from their alleged breach of the agreement. The defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1). The Supreme Court, in effect, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

"A motion to dismiss a complaint based on documentary evi-

dence 'may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *All Is. Media, Inc. v Creative AD Worx, Inc.*, 79 AD3d 677, 678 [2010]; *Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc.*, 77 AD3d 924 [2010]).

"New York adheres to the traditional common-law rule that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Monheit v Petrocelli Elec. Co., Inc.*, 73 AD3d 714, 715 [2010]; *see Horn v New York Times*, 100 NY2d 85, 90-91 [2003]). While the common law recognizes a presumption that parties intend to renew an employment agreement for an additional year where the employee continues to work after expiration of that agreement pursuant to the same material terms (*see Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d 173, 177 [2008]; *Cinefot Intl. Corp. v Hudson Photographic Indus.*, 13 NY2d 249, 252 [1963]; *Geller v Reuben Gittelman Hebrew Day School*, 34 AD3d 730, 731 [2006]), when the terms of the original agreement require a new contract to extend the term of employment, the presumption is rebutted (*see Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d at 177-178).

Here, the Supreme Court properly, in effect, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), since the agreement executed by the parties clearly expressed that the term of the plaintiff's employment was for five years commencing December 1, 2001, and that the written agreement completely encompassed the agreement between them. Moreover, any changes to the contract were required to be in writing. Since "[a] contract will be interpreted in accordance with the intent of the parties as expressed in the language of the agreement" (*Johnston v MGM Emerald Enters., Inc.*, 69 AD3d 674, 677 [2010]; *see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]), the Supreme Court properly determined that the language of the contract required the parties to enter into a new contract to extend the plaintiff's employment (*see Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d at 178). Consequently, the agreement wholly refuted the plaintiff's allegations that the contract was renewed and conclusively established that, at the time of his termination, no employment agreement between the parties was in ef-

fect, and the plaintiff's employment was at-will (*id.*). Florio, J.P., Eng, Belen and Austin, JJ., concur.