■ NANCY SCHIANO, Respondent, v MARINA, INC., et al., Appellants, et al., Defendant. [960 NYS2d 20]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered May 2, 2012, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the cause of action for breach of employment agreement as against Marina Inc. and Jump Apparel Co. Inc. and the cause of action for breach of shareholders' agreement as against Helen S. Brown, as executrix of the estate of Mark Brown, unanimously modified, on the law, to grant the motion as to the cause of action for breach of employment agreement, and otherwise affirmed, without costs.

Plaintiff's employment agreement states, "The term of this Agreement shall commence on the date Employee [plaintiff] commences full time employment with the Company [Marina]." Plaintiff's own deposition testimony shows that she never commenced full-time employment with Marina. She was employed by Jump, and she knew it. She attempted to have Marina established as a company independent of Jump, but she did not succeed in doing so.

The Overhead, Credit and Expense Agreement between Jump and Marina does not help plaintiff; it specifically states that Marina "shall bear sole financial responsibility for direct overhead expenses which shall include . . . payroll of Company Employees and employee fringe benefits."

Even if, arguendo, there were a triable issue of fact whether plaintiff commenced full time employment, it would not help plaintiff because the employment agreement would have expired by the time plaintiff was terminated in August 2008. The agreement, as amended in 2001, states that its term "shall continue until November 1, 2003." Over the years, changes were made in the material terms of the contract. For example, plaintiff's pay decreased by 10% around 2002 and went back up to its original amount in 2004. In 2005, her base pay was decreased, but she received an expense account. Furthermore, starting in 2004, plaintiff no longer spent 100% of her time on the Marina division of Jump. Due to these material changes, the employment agreement would not have automatically renewed after November 1, 2003 (see Curren v Carbonic Sys., Inc., 58 AD3d 1104, 1108 [3d Dept 2009]). Plaintiff's employment would have become at-will, and her termination would not constitute a breach of contract (see e.g. Goldman v White Plains Ctr. for Nursing Care, LLC, 11 NY3d 173, 177-178 [2008]).

Jump's guarantee of Marina's payment obligation under the

employment agreement expired on December 4, 2002. Since the breach of employment agreement cause of action relates to the period from November 1, 2003 onward, even if the agreement had commenced or had automatically renewed, Jump would not be liable as a guarantor (*see generally H. Muehlstein & Co. v Sternberg*, 111 AD2d 635 [1st Dept 1985]).

Plaintiff contends that Jump should be held liable because defendants exercised dominion and control over Marina. However, she did not cross appeal from the motion court's rejection of her attempt to pierce the corporate veil. Therefore, she may not make a piercing-the-corporate-veil argument now (*see Hecht v City of New York*, 60 NY2d 57 [1983]; *Whitfield v JWP/Forest Elec. Corp.*, 223 AD2d 423 [1st Dept 1996]).

The cause of action for breach of shareholders' agreement is premised upon Brown's decedent's refusal to value plaintiff's 5% interest in Marina and failure to compensate her for her shares. However, under the circumstances of this case, plaintiff was not entitled to a contractual valuation. Upon her termination, she was contractually deemed to have offered her shares for sale to Marina and the other shareholders. As plaintiff acknowledged at her deposition, her sole remedy for the corporation's and the other shareholders' failure to purchase her shares was liquidation and dissolution of the corporation and distribution of the net proceeds. Distribution of the net proceeds of liquidation could arguably be construed as compensation for plaintiff's shares. Therefore, the breach of shareholders' agreement cause of action survives to the extent that Marina shall be liquidated and dissolved, and the net proceeds of liquidation shall be distributed to each shareholder, pro rata. There may be some net proceeds, since Marina's tax returns from 2000 through 2002 listed total assets of $3,500.

Contrary to defendants' contention, plaintiff was not required by the shareholders' agreement to move for dissolution of Marina. Concur—Sweeny, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ. **[Prior Case History: 2012 NY Slip Op 31203(U).]**