■ COLLEEN HOLAHAN, Appellant, v 488 PERFORMANCE GROUP, INC., Doing Business as MADISON PERFORMANCE GROUP, et al., Respondents. [33 NYS3d 214]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 22, 2015, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff's breach of contract claim, which alleged that the corporate defendant breached the parties' employment agreement by failing to pay her certain compensation and benefits upon the termination of her employment in 2013, was correctly dismissed. The employment agreement expired in December 2007, and it unambiguously provided that any extension of the agreement needed to be in writing. Because there was no writing extending the agreement, her breach of contract claim fails as a matter of law (*Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d 173, 178 [2008]).

Plaintiff's unjust enrichment claim, which seeks post-termination commissions, also fails as a matter of law. Upon the expiration of her employment agreement, plaintiff became an "at-will" employee (*id.*), and such employees are not entitled to posttermination commissions (*Mackie v La Salle Indus.*, 92 AD2d 821, 822 [1st Dept 1983]).

The motion court correctly dismissed plaintiff's claims for promissory estoppel, fraud, and negligent misrepresentation, since, in the absence of a signed employment agreement, she could not have reasonably relied upon defendants' alleged oral representations regarding the terms of her employment (*Meyercord v Curry*, 38 AD3d 315, 316 [1st Dept 2007]; *Arias v Women in Need*, 274 AD2d 353, 354 [1st Dept 2000]).

Plaintiff's Labor Law claim was correctly dismissed, because it is undisputed that her earnings were in excess of $900 a week (*see* Labor Law § 198-c [3]; *Eden v St. Luke's-Roosevelt Hosp. Ctr.*, 96 AD3d 614, 615 [1st Dept 2012]).

We reject plaintiff's assertion that the motion court should have allowed her to conduct further discovery under CPLR 3211 (d) so that she could obtain documents confirming that her employment was renewed after the expiration of her employment agreement in December 2007. As noted, any renewal was required to be in writing, and plaintiff alleged in her complaint that the parties did not execute any further written amendments to the employment terms after the expiration of the December 2007 agreement. Accordingly, there was no basis for further discovery.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.