A Great Choice Lawncare & Landscaping, LLC v Carlini (2018 NY Slip Op 08984)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

A Great Choice Lawncare & Landscaping, LLC v Carlini

2018 NY Slip Op 08984

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526552

[*1]A GREAT CHOICE LAWNCARE AND LANDSCAPING, LLC, Appellant,
vMICHAEL CARLINI et al., Respondents.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Hancock Estabrook, LLP, Syracuse (Robert C. Whitaker Jr. of counsel), for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Michael Keenan of counsel), for Michael Carlini, respondent.
Battisti & Garzo, PC, Binghamton (Francis P. Battisti of counsel), for Lawnsense Lawn and Landscape, respondent.

MEMORANDUM AND ORDER
Devine, J.P.
Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered July 19, 2017 in Broome County, which partially granted defendants' motions to dismiss the complaint.
In 2009, defendant Michael Carlini entered into an employment agreement with plaintiff in which he agreed to work as its sales manager for one year. The agreement provided that, unless terminated in writing during that year, there would be an automatic renewal "for an additional one (1) year" of work. Carlini also agreed to refrain from performing similar work for plaintiff's nearby competitors or soliciting its customers for a period of one year following the termination of the agreement.
Carlini continued to work for plaintiff until he was terminated in 2016, at which point he found work with one of its competitors, defendant Lawnsense Lawn and Landscape, and purportedly began to solicit plaintiff's customers. Plaintiff then commenced the present action and alleged, as is relevant here, that Carlini breached the agreement and that Lawnsense tortiously interfered with it. Carlini moved to dismiss the breach of contract claim and two others, while Lawnsense moved to dismiss all claims against it. Supreme Court granted the motions in part and dismissed the breach of contract and tortious interference claims, agreeing with defendants that the agreement had expired by the time Carlini was terminated. Plaintiff now appeals, and we affirm.
A motion to dismiss obliges us to accept as true the facts as alleged in the complaint and afford plaintiff every favorable inference in assessing whether they fit within a cognizable legal theory, but "[t]his liberal standard . . . will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are [*2]inherently incredible" (Hyman v Schwartz, 127 AD3d 1281, 1283 [2015] [internal quotation marks and citations omitted]; accord Jenkins v Jenkins, 145 AD3d 1231, 1234 [2016]). Defendants assert that plaintiff's claims are contradicted by the terms of the written employment agreement and, if those terms are "clear, complete and subject to only one reasonable interpretation," they may warrant dismissal as a matter of law (Brad H. v City of New York, 17 NY3d 180, 185 [2011]; see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 31 NY3d 1002, 1006 [2018]; Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]). The agreement provides for a one-year "[i]nitial [t]erm" of employment to "commence on or before" April 30, 2009 and, if not terminated "on or before the end of the [i]nitial [t]erm," an automatic "[r]enewal [t]erm" for "an additional one (1) year." The agreement does not provide for any extension beyond the one-year renewal term and, contrary to plaintiff's contention, the renewal term itself does not reveal an "express agreement" to extend the provisions of the agreement further (O'Connor v Eastman Kodak Co., 65 NY2d 724 [1985]; see O'Neill v New York Univ., 97 AD3d 199, 208 [2012]). The plain meaning of the agreement's terms accordingly established that the agreement expired when the renewal term ended in 2011 (see Goldman v White Plains Ctr. for Nursing Care, LLC, 11 NY3d 173, 176-177 [2008]; Wood v Long Is. Pipe Supply, Inc., 82 AD3d 1088, 1089-1090 [2011]).
Carlini would ordinarily become an at-will employee upon the expiration of the employment agreement, rendering plaintiff's claims for breach of contract and tortious interference with contract deficient as a matter of law (see Holahan v 488 Performance Group, Inc., 140 AD3d 414, 414 [2016]; Curren v Carbonic Sys., Inc., 58 AD3d 1104, 1108-1109 [2009]). Plaintiff attempts to avoid that outcome by invoking the common-law "inference that parties intend to renew an employment agreement for an additional year where the employee continues to work after expiration of an employment contract" (Goldman v White Plains Ctr. for Nursing Care, LLC, 11 NY3d at 177; see Curren v Carbonic Sys., Inc., 58 AD3d at 1108). This inference, however, may be rebutted "by demonstrating that the parties did not intend to allow [the] contract to renew automatically" (Goldman v White Plains Ctr. for Nursing Care, LLC, 11 NY3d at 177). In that regard, the employment agreement makes clear that its terms constitute the entire contract, provides for no renewals beyond the one-year renewal term and only permits modifications to the agreement, such as extending its provisions, if made in writing. To apply the presumption under these circumstances would run headlong into "principles of contract interpretation and the employment-at-will doctrine" (id.), and Supreme Court correctly determined that, as of 2016, "there was no contract in effect for [Carlini] to breach, nor could [Lawnsense] have interfered with plaintiff's contractual relations" (Curren v Carbonic Sys., Inc., 58 AD3d at 1108-1109; see Holahan v 488 Performance Group, Inc., 140 AD3d at 414; Wood v Long Is. Pipe Supply, Inc., 82 AD3d at 1089).
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.