Kushner v Carter Ledyard & Milburn LLP (2023 NY Slip Op 05317)

Kushner v Carter Ledyard & Milburn LLP

2023 NY Slip Op 05317

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 654432/21 Appeal No. 827 Case No. 2023-00953 

[*1]Marc Kushner, Plaintiff-Appellant,
v
Carter Ledyard & Milburn LLP, Defendant-Respondent.

Marc Kushner, New York, appellant pro se.
Carter Ledyard & Milburn LLP, New York (Jeffrey S. Boxer of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about January 10, 2023, which, to the extent appealed from, granted defendant's motion to dismiss, pursuant to CPLR 3211, the first cause of action (breach of contract) to the extent it is based on breaches that occurred after April 1, 2020, unanimously affirmed, without costs.
The parties entered into a written contract on February 1, 2017, whereby plaintiff was designated a special partner and chair of defendant's tax department for a term ending on March 31, 2018. Pursuant to the terms of the contract, if defendant chose to enter into a "further agreement" with plaintiff, it would propose terms and conditions at least 60 days before the ending date, but the contract did not state how "further agreement" would be reached. The contract also did not state that it could only be amended in writing or that it constituted the entire agreement of the parties.
In February 2018, defendant proposed new contract terms, which plaintiff rejected, and the parties continued to adhere to the original terms for an additional year. In March 2019, defendant again proposed certain changes to the terms of the contract, which plaintiff rejected, and the parties continued to adhere to the original terms until January 15, 2020. On that date, defendant paid plaintiff his bi-monthly salary at a reduced rate. In April 2020, defendant notified plaintiff that his base salary would be eliminated immediately due to the adverse effect of the pandemic. Plaintiff worked for defendant until September 17, 2020, and thereafter, commenced this action. In his cause of action for breach of contract, plaintiff alleges that defendant breached the contract by reducing his salary and terminating his employment without 60 days' notice or cause.
In considering defendant's CPLR section 3211(a)(7) motion to dismiss, the court concluded that the common-law presumption that the parties intended to renew the contract was operative for the periods of April 1, 2018 - March 31, 2019 and April 1, 2019 - March 30, 2020. However, the court granted defendant's motion to the extent it was based on breaches that occurred on or after April 1, 2020, finding that the reduction of plaintiff's compensation in January 2020 negated any implied agreement to renew the 2017 agreement for an additional one-year term beginning on April 1, 2020. As such, as of April 1, 2020, plaintiff became an at-will employee and there was no contract in effect to breach.
The common-law presumption "recognizes an inference that parties intend to renew an employment agreement for an additional year where the employee continues to work after expiration of an employment contract" (Goldman v White Plains Ctr. for Nursing Care, LLC, 11 NY3d 173, 177 [2008]). Here, the court properly determined that plaintiff became an at-will employee when the second renewal term ended due to material changes in the terms of the contract  his compensation (see Schiano [*2]v Marina, Inc., 103 AD3d 462 [1st Dept 2013]). Plaintiff contends that the court erred by finding, on a CPLR 3211 motion, that the contract did not renew on April 1, 2020. This argument is unavailing. By reducing plaintiff's base pay in January 2020 and eliminating it completely in April 2020, defendant expressed an objective intent not to renew the contract on its original terms, thus negating any inference of renewal (cf. Cinefot Intl. Corp. v Hudson Photographic Indus., 13 NY2d 249, 252 [1963] ["Entering into a contract to run for a year, and then continuing to act as if its time had not run, is sufficient evidentiary support for a finding that the parties in fact intended to keep it alive for another year"]).
Defendant contends that the parties' written contract, dated as of February 1, 2017, did not renew on April 1, 2018 or April 1, 2019. Because defendant did not cross-appeal, we decline to consider this argument (see Schiano v Marina, Inc., 103 AD3d at 464).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023